## Case No. 10,503.

### The OLIVER JORDAN.

[2 Curt. 414.][1]

Circuit Court, D. Maine. Sept. Term, 1855.

ADMIRALTY—ARREST OF PROPERTY HELD BY STATE UNDER ATTACHMENT.

Property in the custody of the law of a state, under an attachment, cannot be arrested by a warrant from a district court, sitting in the admiralty, in a proceeding to enforce the lien of a material-man; consequently the district court cannot proceed in rem, and if it do so, its decree is erroneous.

[Cited in Lewis v. The Orpheus, Case No. 8,-330; Johnson v. Bishop, Id. 7,373; Taylor v. Carryl, 20 How. (61 U. S.) 600; The J. W. French, 13 Fed. 920; The E. L. Cain, 45 Fed. 370; Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1026.]

[Cited in Howe v. Freeman, 80 Mass. (14 Gray) 568. Cited in brief in Leighton v. Harwood, 111 Mass. 69.]

[Appeal from the district court of the United States for the district of Maine.]

This was an appeal from a decree of the district court sitting in admiralty. The appellants were the sheriff of the county of Cumberland, in the state of Maine, and the plaintiff in an action at law commenced in the supreme court of that state. Upon the original writ by which the action was commenced, the sheriff had attached the Oliver Jordan, and had the vessel in his custody under the attachment, when the libel was filed in the district court, and the warrant of arrest issued. The libel asserted under the local law of Maine, a lien for materials. The suit in the supreme court of the state was also to enforce a similar lien. The plaintiff in that suit, and the sheriff appeared in the district court, and took an exception to the jurisdiction, founded on the above facts. The exception was overruled, and a decree made in favor of the libellants [case unreported] from which this appeal was taken.

Deblois & Gould. for appellants.

Mr. Rand, contra.

CURTIS, Circuit Justice. This vessel being in the custody of the law of the state, the marshal could not lawfully execute the warrant of arrest. Under our system of government, there is no mode of preventing a conflict of jurisdiction, but to consider persons and property which are in the custody of the law of a state, to be withdrawn from the process of the courts of the United States, except in those cases where congress has specially provided for an exercise of the supremacy of the laws of the United States (see Act March 2, 1833; 4 Stat. 634, § 7); and, e contra, that persons

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

and property in the custody of the law of the United States as not being subject to any state process. This rule has been frequently laid down and applied.

In Harris v. Dennie, 3 Pet. [28 U. S.] 299, it was held, that goods imported from a foreign country, and not yet entered, being in the custody of the laws of the United States, could not be attached by state process.

In Hagan v. Lucas, 10 Pet. [35 U. S.] 400, it was decided, that the first levy of an execution upon property, whether made under the jurisdiction of the United States, or of a state, withdraws the property from the reach of process from the other jurisdiction. This was reaffirmed in Brown v. Clarke, 4 How. [45 U. S.] 4, and was again applied in Pulliam v. Osborne, 17 How. [58 U. S.] 471. See, also, Taylor v. The Royal Saxon [Case No. 13,803].

In the case of The Robert Fulton [Id. 11, 890], Mr. Justice Thompson had before him, a case not distinguishable from the case at bar. He held that the warrant of arrest could not be lawfully executed, and consequently the district court could not lawfully proceed in rem. I concur with him in that opinion, and the decree of the district court must be reversed. But I shall not now order the libel to be dismissed. The state process may be so terminated as to render it practicable to proceed in the admiralty against the vessel. I shall retain the libel, if the libellant desires it, to allow him an opportunity to learn whether he can make use of the jurisdiction; and he may hereafter submit such motion as he may be advised is proper.