THE J. G. CHAPMAN.

McCAFFREY v. THE J. G. CHAPMAN.

(District Court, D. Minnesota. Third Division. August 13, 1894.)

1. ADMIRALTY—ARREST OF VESSEL IN CUSTODY OF ASSIGNEE IN INSOLVENCY—PROPERTY IN CUSTODIA LEGIS.

After the owner of a vessel has made an assignment of all his property, including the vessel, under the insolvency law of Minnesota, and the assignment has been perfected, a United States marshal has no authority to seize

her under process from a federal court; for, under the law of Minnesota, the assignee is an officer of the state district court, and when the assignment is perfected, the assigned property, ipso facto, comes under its jurisdiction, and is in custodia legis. •

**2. SAME—ADMIRALTY CLAIMS IN STATE COURT.**

A state court, having custody of a vessel through its assignee in insolvency, cannot adjudicate a maritime claim without the assent of the owner thereof; neither can it compel him to appear and assert his claim; and he can pursue his remedy in rem after the state court has disposed of the vessel.

This was a libel by Hugh McCaffrey against the steamer J. G. Chapman for wages. The claimant moved to dismiss for want of jurisdiction.

Williams, Goodenow & Stanton and Steel & Selover, for libelant.

Mullen & Bowditch and Warner, Richardson & Lawrence, for respondent.

NELSON, District Judge. A libel in rem was filed against the steamer J. G. Chapman, a vessel navigating the waters of the Mississippi, and duly registered at the port of La Crosse, to recover a balance due libelant for wages as pilot upon that steamer; and a motion is made to dismiss for want of jurisdiction.

Some months before the seizure by the United States marshal, the owner of the boat had made an assignment of all his property, which included this steamer, under the insolvency laws of the state of Minnesota; the assignee had duly qualified; and the assignment was perfected. An assignee, under the insolvency law of Minnesota, is recognized as an officer of the state district court; and, as long as he is in possession of the property, the marshal of this court cannot interfere with such possession, even to enforce a maritime claim. The supreme court of Minnesota has uniformly held that the insolvency law of 1881 is a bankrupt act, and that, when the assignment is perfected, the assignee is an officer of that court. Simon v. Mann, 33 Minn. 412, 23 N. W. 856.

The steamer was at the time of the seizure in the custody and under the jurisdiction of the district court of Wabasha county. In the language of the state supreme court in Simon v. Mann, supra:

"Upon the execution of the assignment, and filing it in court, the entire subject-matter, and everything involved in it, including the assigned property, come under the jurisdiction of the court, ipso facto, and the assigned property is in custodia legis."

See, also, In re Mann, 32 Minn. 60, 19 N. W. 347, where the court uses the same language.

That a federal court will not interfere with property in the custody of the state court, and in course of administration by it, is well settled. Taylor v. Carryl, 20 How. 583; Lumber Co. v. Ott, 142 U. S. 628, 12 Sup. Ct. 318. On the other hand, the state court has no authority to adjudicate this maritime claim without the assent of the libelant; neither can it compel him to appear and assert

his claim. When the state court has disposed of the property, then the libelant can pursue his remedy in rem against it, without regard to the proceedings in the state court.

The motion of the claimant is granted to this extent: that the marshal be ordered to deliver possession of the property to the assignee in the insolvency proceedings, from whom he obtained it. The costs will be divided equally between the parties.