## THE JONAS H. FRENCH.

(District Court, D. Massachusetts.   December 12, 1902.)

### No. 1,376.

1. MARITIME LIENS—ENFORCEMENT—VESSEL IN CUSTODY OF ANOTHER COURT.
   A vessel in the actual possession of receivers appointed by a circuit court is not·subject to seizure on process from the district court for the same district in a suit in rem to enforce a demand which arose prior to the receivership, unless by permission of the circuit court.

In Admiralty.   Libel for seamen's wages.   On petition by receivers of the circuit court for discharge of vessel from custody.

· Russell & Russell, for libelant.
Guy Cunningham and Loren E. Griswold, for receivers.

LOWELL, District Judge.   This is a libel for seamen's wages, brought against the lighter Jonas H. French, a vessel which belonged to the Cape Ann Granite Company.   Before the libel was filed, the circuit court for this district appointed receivers for that company. The receivers took possession of the Jonas H. French, which remained in their possession until seized by the marshal in this suit. They have petitioned this court to discharge the vessel from the custody of the marshal, and to restore it to them.   The allegations of the petition were admitted to be true for the purposes of the hearing thereon.

In Moran v. Sturges, 154 U. S. 256, 274, 14 Sup. Ct. 1019, 38 L. Ed. 981, it was said:

"It is a rule of general application that, where property is in the actual possession of one court of competent jurisdiction, such possession cannot be disturbed by process out of another court."

The French was in the actual possession of receivers appointed by the circuit court.   That this court should disturb that possession, the libelants must show either (1) that the possession of the receivers is not the possession of the court; or (2) that in this case the general rule stated in Moran v. Sturges does not apply.

1. In Moran v. Sturges the state court had appointed receivers for the owner of certain vessels. Thereafter those vessels were taken in custody by the marshal in a suit in admiralty to enforce a maritime lien. The supreme court held that the arrest was authorized, because:

"At the time these libels were filed, and the marshal seized the property, it had not been developed whether or when the receiver would or might give the security required and enter upon the discharge of his duties, and he had neither actual nor constructive possession." 154 U. S. 284, 14 Sup. Ct. 1019, 38 L. Ed. 981.

And the supreme court said:

"As between two courts of concurrent and co-ordinate jurisdiction, having like jurisdiction over the subject-matter in controversy, the court which first obtains jurisdiction is entitled to retain it without interference, and cannot be deprived of its right to do so because it may not have first obtained physical possession of the property in dispute. But where the jurisdiction is not concurrent, and the subject-matter in litigation in the one is not within the cognizance of the other, while actual or even constructive possession may, for the time being, and in order to avoid unseemly collision, prevent the one from disturbing such possession, yet, where there is neither actual nor constructive possession, there is no obstacle to proceeding, and action thus taken cannot be invalidated by relation." 154 U. S. 283, 284, 14 Sup. Ct. 1019, 38 L. Ed. 981.

The supreme court thus stated that a district court could not, under a libel in rem, arrest a vessel in the actual possession of the receivers of another court.

In The Willamette Valley, 66 Fed. 565, 13 C. C. A. 635, the circuit court of appeals for the Ninth circuit sustained a libel in rem for supplies furnished in San Francisco to a vessel then in the possession of a receiver appointed by a court of the state of Oregon. The court said:

"The powers of a receiver are bounded by the territorial limits of the court under whose authority he is appointed and acts. Within that territory the possession by the receiver of the property placed under his control will be respected by all other courts, and his possession may not be disturbed by process issued out of any court." 66 Fed. 566, 13 C. C. A. 637. "But the decisions establishing the immunity of the receiver's possession of the property brought by him into a foreign jurisdiction refer solely to the attempted enforcement of demands that existed before the property was taken under the control of the court." 66 Fed. 567, 13 C. C. A. 638. "When a receiver, under the order of his court, takes a vessel, the property of his trust, out of the jurisdiction of the court, and sends her into a foreign port under the charge of a master, he places her in the position of all other vessels engaged in like business. It is our judgment that in so doing he subjects her to the same conditions that other vessels are subject to." 66 Fed. 568, 13 C. C. A. 638.

In other words, the case was decided upon the ground that the district court did not improperly disturb a receiver's possession of a vessel by arresting it, outside the jurisdiction of the court appointing the receiver, for supplies furnished outside that jurisdiction, and after the receiver had taken possession. That the district court would not disturb the receiver's possession within the jurisdiction of the court appointing him, to enforce a maritime lien arising before his appointment, was clearly implied. There is nothing, therefore, in the cases just cited, to modify the general rule that the possession of the receiver is the possession of the court, and the French

must here be deemed to be in the custody of the circuit court for this district.

2. Is there anything in this case to modify the general rule stated in Moran v. Sturges, and to authorize the district court to disturb the possession thus taken by the circuit court? The libelants rely upon Paxson v. Cunningham, 63 Fed. 132, 11 C. C. A. 111. In that case a vessel in the possession of receivers appointed both by the circuit court for the Eastern district of Pennsylvania and by the circuit court for the district of Massachusetts was libeled for a collision in Boston harbor. The receiver filed a petition in the circuit court for the district of Massachusetts, asking an injunction to restrain the prosecution of the libel. Cunningham demurred, and the circuit court of appeals for this circuit sustained the demurrer. Mr. Justice Gray, in delivering the opinion, pointed out that St. 1888, c. 866, § 3 (25 Stat. 436 [U. S. Comp. St. 1901, p. 582]), expressly permitted a suit in personam against the receivers without leave of the circuit court previously obtained, and continued:

"The libel in rem against the steamboat for a wrong done by her while in the possession and employment of the receivers, if not within the terms of the statute, is within its reason and equity. Independently of the statute, there could be no objection to proceeding with that libel, so far as might be done without interfering with the possession of the receivers. Heidritter v. Oilcloth Co., 112 U. S. 294, 304, 5 Sup. Ct. 135, 28 L. Ed. 729. And whether the libel in rem against the steamboat in the hands of the receivers is or is not considered as coming within the statute, it was clearly within the discretion of the circuit court to permit the libelants to establish and enforce their maritime lien in the district court in admiralty, as the appropriate tribunal to try and determine that matter."

See The St. Nicholas (D. C.) 49 Fed. 671.

That is to say, the court held that the receiver's petition must be dismissed because (1) the libel was expressly authorized by statute; or (2) might be allowed by the circuit court in its discretion. In the case at bar the libel is not authorized by statute, which allows suit only "in respect of any act or transaction of [the receiver's] in carrying on the business connected with the property." The undoubted right of the circuit court to permit the marshal to arrest the vessel under this libel does not help this court to make the arrest in the absence of permission. Had the circuit court, upon application made to it by the receivers, already refused to restrain proceedings on this libel, it may be that this court would treat the refusal to restrain as the equivalent of a permission to sue, but this has not happened here. It follows that Paxson v. Cunningham does not support the libelant's contention in this case. Other cases are clear to the point that a court of admiralty will not enforce a maritime lien by the seizure of a vessel in the custody of another court, though the other court is without authority to affect the lien by its judgments or decrees. The Oliver Jordan, Fed. Cas. No. 10,503, 2 Curt. 414; Lewis v. Orpheus, Fed. Cas. No. 8,330, 3 Ware, 143; The Robert Fulton, Fed. Cas. No. 11,890, 1 Paine, 630; The E. L. Cain (D. C.) 45 Fed. 370; The J. G. Chapman (D. C.) 62 Fed. 939. See The Resolute, 168 U. S. 437, 18 Sup. Ct. 112, 42 L. Ed. 533, and Taylor v. Carryl, 20 How. 583, 15 L. Ed. 1028. The dis-

senting opinion of the chief justice in the last-mentioned case shows that he agreed with the counsel for the libelants in the case at bar, and understood that the majority of the court decided otherwise.

Of the unreported case of The Williamsport,—the admiralty suit under consideration in Paxson v. Cunningham,—it is sufficient to say that Judge Nelson refused to restore the vessel to the receivers without giving any reason for his refusal; and this may have been rested either upon the statute, or upon the fact that the lien there in question had arisen since the receiver's possession.

The receivers' petition is granted as to the release of the vessel, but the order of restoration will not issue for three days, in order that the libelants may apply to the circuit court for leave to proceed with their libel.