## THE CASCO.

## THE NO. 21.

### (District Court, D. Mass. January 24, 1916.)

### Nos. 1440, 1441.

1. BANKRUPTCY ⊜⟹210—CONFLICTING JURISDICTION—COURTS OF BANKRUPTCY AND ADMIRALTY.

Admiralty jurisdiction over vessels is not of such exclusive and fundamental character that for the purpose of enforcing maritime liens it may take vessels from the custody of another court without that court's permission; but, on the other hand, the jurisdiction of a court of bankruptcy over the property of a bankrupt estate is exclusive from the time of the filing of the petition, and it has no power to surrender its exclusive control over the administration of such property to another court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321–323; Dec. Dig. ⊜⟹210.]

2. BANKRUPTCY ⊜⟹210—PRIORITY OF JURISDICTION—SURRENDER OF PROPERTY BY BANKRUPTCY COURT.

A court of bankruptcy will not, if it has the discretionary power, direct the surrender of vessels in possession of its receiver and admittedly belonging to a bankrupt estate to an admiralty court to answer to the suit of a libelant, who desires to enforce maritime liens against them, although for a liability which arose before the bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321–323; Dec. Dig. ⊜⟹210.]

In Admiralty. Suits by the T. A. Scott Company against the dredge Casco and against the dump scow No. 21; the Eastern Dredging Company, owner. On motion by libelant for order requiring the receiver in bankruptcy for the owner to surrender the vessels to the marshal. Motion denied.

Martin Gilbert, of Boston, Mass., for libelant.

MORTON, District Judge. The Eastern Dredging Company owned the dredge Casco and dump scow No. 21. It is a Maine corporation, and involuntary proceedings in bankruptcy were instituted against it in the district of Maine on December 3, 1915. On those proceedings a receiver was appointed by the United States District Court for that district on December 3, 1915; and on the next day an ancillary appointment of receiver was made by this court, covering the property of the bankrupt in this district. The receivers at once took possession of said dredge and said dump scow. Thereafter, on January 5, 1916, the T. A. Scott Company filed these libels in rem against said vessels, which at that time were in this district in the custody of the receiver. The libels are founded on salvage services rendered to each vessel prior to the institution of the bankruptcy proceedings. The libelant moves that the order of this court in the receivership proceedings, restraining all persons from interfering with property in the possession of the receiver, be so modified as to permit the marshal to arrest the vessels in order that these salvage claims may be tried out here in the admiralty court. The receiver, acting

---

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on an order of the District Court for the district of Maine, opposes the motion. The motion is filed in the admiralty cases only, but as the merits have been fully argued I shall treat it as if made in the ancillary bankruptcy proceedings also.

If the vessels had been seized under the admiralty process, before the bankruptcy proceedings were begun, the admiralty court would not surrender them. The Philomena, 200 Fed. 859 (Dist. Ct. Mass.). In a case in which the admiralty court took possession of the vessel after the institution of the bankruptcy proceedings, but before the adjudication, this court denied a petition by the receiver in bankruptcy that the proceeds of the sale of the vessel be turned over to him, and proceeded with the admiralty case. The Bethulia, 200 Fed. 862 (Dist. Ct. Mass.). In The Geisha (D. C.) 200 Fed. 864, a similar petition was denied in a case where the libel was filed before the bankruptcy proceedings began, but possession of the vessel was not taken by the marshal under his warrant until after the adjudication in bankruptcy had been ordered; the vessel being apparently still in the bankrupt's possession. If a vessel in the possession and control of receivers in equity, and being operated by them, becomes liable for a maritime tort, it was held that the admiralty court ought not to be prevented by the equity court from taking possession of the vessel and determining the claim against her. Paxson v. Cunningham, 63 Fed. 132, 11 C. C. A. 111 (C. C. A. 1st Circuit). See, too, The Jonas H. French, 119 Fed. 462 (Dist. Ct. Mass.).

In the present case the alleged liability of the vessels arose before the bankruptcy proceedings were begun, but possession of them had been taken by the receiver in bankruptcy before the libel was filed; and the question is whether he shall be ousted to allow the admiralty court to proceed.

[1] It is settled that the admiralty jurisdiction over vessels is not of such exclusive and fundamental character that, for the purpose of enforcing maritime liens against them, they will be taken from anybody in whose possession they may be found. The admiralty court has no right to seize vessels in the custody of another court without that court's permission. Taylor v. Carryl, 20 How. 584, 15 L. Ed. 1028. It is clear that the libelant is not entitled to the desired order as a matter of right.

The utmost that the libelant can claim is that, as a matter of sound discretion, this court should permit the seizure of the vessels in the admiralty cases. It is not clear that the court has authority to grant such permission. In the first place, the property in question is being administered by the District Court for Maine, and it is doubtful whether this court has any authority to direct the Maine receiver, although he has an ancillary appointment here, to relinquish property in his possession.

"The filing of the petition is an assertion of jurisdiction with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the filing of the petition." Day, J., Acme Co. v. Beekman Co., 222 U. S. 300, 307, 32 Sup. Ct. 96, 100 (56 L. Ed. 208).

"The filing of the petition and adjudication in the bankruptcy court in New York brought the property of the bankrupts wherever situated into custodia legis, and it was thus held from the date of the filing of the petition, so that subsequent liens could not be given or obtained thereon, nor proceedings had in other courts to reach the property, the court of original jurisdiction having acquired the full right to administer the estate under the bankruptcy law. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208, 27 Am. Bankr. Rep. 262." Day, J., Lazarus v. Prentice, 234 U. S. 263, 266, 34 Sup. Ct. 851, 852 (58 L. Ed. 1305).

"The decision in Babbitt v. Dutcher, 216 U. S. 103, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, 23 Am. Bankr. Rep. 519, to the effect that District Courts other than the court in which original proceedings in bankruptcy are instituted possess power in proper cases to exert ancillary jurisdiction in aid of the court in which the bankruptcy proceedings are pending, lends no support to the contention that the court which had full power could not exert its ample authority without invoking the ancillary power of another and different court." White, C. J., Robertson v. Howard, 229 U. S. 254, 261, 33 Sup. Ct. 854, 856 (57 L. Ed. 1174).

" * * * When the court of bankruptcy, through the act of its officers, such as referees, receivers or trustees, has taken possession of a res, as the property of a bankrupt, it has ancillary jurisdiction to hear and determine the adverse claims of strangers to it, and that its possession cannot be disturbed by the process of another court." Moody, J., Murphy v. Hoffman, 211 U. S. 562, 570, 29 Sup. Ct. 154, 157 (53 L. Ed. 327).

See, too, Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. ——, Nov. 1, 1915.

[2] Again, it is doubtful whether a bankruptcy court may, under the present act, properly surrender property admittedly belonging to a bankrupt estate to another court for the determination of liens and claims against it.

"We think it is a necessary conclusion from these and other provisions of the act that the jurisdiction of the bankruptcy courts in all 'proceedings in bankruptcy' is intended to be exclusive of all other courts, and that such proceedings include, among others, all matters of administration, such as the allowance, rejection and reconsideration of claims, the reduction of the estates to money and its distribution, the determination of the preferences and priorities to be accorded to claims presented for allowance and payment in regular course, and the supervision and control of the trustees and others who are employed to assist them." Van Devanter, J., United States Fidelity & G. Co. v. Bray, 225 U. S. 205, 217, 32 Sup. Ct. 620, 625 (56 L. Ed. 1055).

"A distinct purpose of the Bankruptcy Act is to subject the administration of the estates of bankrupts to the control of tribunals clothed with authority and charged with the duty of proceeding to final settlement and distribution in a summary way, as are the courts of bankruptcy." 225 U. S. 218, 32 Sup. Ct. 625, 56 L. Ed. 1055.

The court also held that creditors "are entitled to have this authority exercised."

"Of the fact that the suit was begun in the Circuit Court with the express leave of the court of bankruptcy it suffices to say that the latter was not at liberty to surrender its exclusive control over matters of administration or to confide them to another tribunal." 225 U. S. 218, 32 Sup. Ct. 625, 56 L. Ed. 1055.

"After the petition has been filed no other court can make any order, or decree, which will deprive the court of bankruptcy of its exclusive control over the administration of the bankrupt's property." Dyer, J., Re David H. Sage (D. C.) 35 Am. Bankr. Rep. 436, 442, 224 Fed. 525, 529.

Even if I have the power to allow the motion, and it is, as the libelant urges, a discretionary matter whether to do so, I am clearly of the opinion that my discretion ought not to be so exercised. The bankrupt owned many vessels used in dredging operations, and was doing work at various points on the Atlantic Coast. It is on many accounts desirable that its affairs shall, so far as possible, be settled in one court. The United States District Court for Maine, of course, exercises admiralty jurisdiction and is familiar with the law applicable to cases of salvage. It has expressed the opinion that the possession of the receivers should not be disturbed, and that the libelant's claim against the vessels in question should be made in connection with the bankruptcy proceedings; and that opinion, although made ex parte, ought not to be disregarded unless justice to the libelant plainly requires such action. No great hardship is imposed on the libelant by requiring it to prosecute its claim in the District Court for Maine instead of here. And if it be thought that the referee in bankruptcy cannot well deal with a matter of this character, the libelant is free to apply to the Maine court to make a special order for the hearing of these claims.

Motion denied.