## In re FOUGNER CONCRETE SHIPBUILDING CO.

### Petition of HAZELL.

(Circuit Court of Appeals, Second Circuit. January 2, 1923.)

#### No. 122.

Bankruptcy ⬤⟿214—Maritime lien claimant need not attempt foreclosure after bankruptcy of owner.

The claimant of a maritime lien for supplies furnished to a vessel need not commence foreclosure proceedings within one year, as required by Lien Law N. Y. § 83, where the owner of the vessel became bankrupt before the expiration of the year, the property was taken possession of by the bankruptcy court, and interference therewith restrained, and the lien claimant within the year filed a claim for priority in the bankruptcy court.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of the Fougner Concrete Shipbuilding Company, bank-rupt. The District Court confirmed the report of the referee in bankruptcy, allowing the claim of the Kells Mill & Lumber Company in part as a priority claim, and Arthur M. Hazell, as trustee, petitions to revise. Order affirmed.

Petition to revise an order of the District Court for the Southern District of New York confirming the report of the referee in bankruptcy allowing the claim of Kells Mill & Lumber Company, a creditor at $2,718.82, as a priority claim, and $2,797.74, as a general claim.

Kells Company, claimant, filed a claim for $5,516.35, which amount was made up of six items each for work done upon and materials furnished for the construction of some barges belonging to the bankrupt. By order of the District Court, these barges were sold by the receiver in bankruptcy free of liens, but the liens were to attach to the proceeds of sale. These proceeds are in hand and exceed the amount necessary to satisfy the liens. The claimant does not claim priority in respect of an item of $2,797.74. It does, however, insist upon full payment of the remaining items aggregating $2,718.82 and being for work done and materials furnished for five barges.

The terms of credit extended to the bankrupt were 90 days, and the several debts became due at periods extending over December 15, 1916, to May 6, 1919. On February 25, 1919, a petition in bankruptcy was filed, a receiver was appointed, and the usual restraining order was entered.

On February 26, 1919, claimant filed in the office of the New York county clerk a separate notice of lien in the case of each barge. This was under section 83 of the New York Ship Lien Law (Consolidated Laws, book 32, § 80 et seq.), which provides:

"Every lien for a debt shall cease * * * at the expiration of twelve months after the debt was contracted. If, upon the expiration of the time herein limited, * * * such vessel shall be absent from the port at which the debt was contracted, the lien shall continue until the expiration of thirty days after the return of such vessel to such port. If proceedings are instituted for the enforcement of the lien within the time herein limited, such liens shall continue until the termination of such proceedings."

On February 24, 1920, which was one day less than one year from the date of filing the notice of lien, i. e. on February 24, 1920, and within 12 months from the date of adjudication in bankruptcy, claimant filed its proof of claim with the referee.

George W. Bristol, of New York City, for trustee.
Hamilton Anderson, of New York City, for respondent.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). The trustee seeks revision of the order below on the ground that the liens lapsed at the end of one year after filing because of failure of the lienor to commence foreclosure proceedings as provided by the New York Lien Law.

We confess our inability to follow this contention. The bankruptcy court had taken possession of the property and had restrained this creditor, among others, from prosecuting its liens or otherwise interfering with the bankrupt's property. The trustee was appointed on August 29, 1919, and title immediately vested in him as of the date of filing the petition, i. e. February 26, 1919. Prosecution of the liens, as provided by the state statute, had not only been restrained, but would have been futile.

Title to the proceeds of sale of the barges was in the trustee, subject, according to court order, to any lien which could be established. There was but one way to establish the lien, and that was to file proof of claim within the year provided, on the one hand, by the New York Lien Law, and, on the other, by the Bankruptcy Law (Comp. St. §§ 9585–9656).

The procedure here followed is practiced almost daily in the bankruptcy court in respect of chattel mortgages. It simply amounts to this: That a lienor comes into the court which has seized the res and has issued its injunction against interference therewith, and there establishes his lien in accordance with the procedural machinery of that court. Courtney, Trustee, v. Fidelity Trust Co., 219 Fed. 57, 134 C. C. A. 595.

Some other criticisms of the order below do not merit discussion.

Order affirmed, with costs.