## THE ROBERT AND EDWIN.

District Court, D. Massachusetts. April 18, 1929.

No. 184.

R. Chandler Davis, of Gloucester, Mass., for libelant.

J. Manuel Marshall, of Gloucester, Mass., for libelee.

MORTON, District Judge. The Robert and Edwin was owned by one Sinagra, who became a voluntary bankrupt. The schooner was subject to various claims giving rise to maritime liens, and after the bankruptcy petition had been filed, but before the appointment of any receiver or trustee, a libel in rem was filed against her to enforce some of these claims. Process under the libel was held up until a trustee should be appointed. Then a summons issued, bringing him in.

The question is whether the court shall proceed on the admiralty side, taking the schooner out of the possession of the trustee, or shall leave her there, and let the admiralty claimants work out their rights against her in the bankruptcy proceedings. It is said that the Robert and Edwin constituted the bulk of the bankrupt's estate, that most of his indebtedness is upon bills for which the vessel is liable, and that, therefore, it will be much better to work out the admiralty claims in the admiralty court, instead of trying to do so before the referee in bankruptcy.

That there is weight in these reasons cannot be denied; but I think that the opposite course is, everything considered, the sounder. The bankruptcy proceeding brought all Sinagra's property, including the schooner, into the bankruptcy court. As has often been pointed out, bankruptcy has many of the characteristics of a proceeding in rem. See Meek v. Centre County Banking Co., 268 U. S. 429, 45 S. Ct. 560, 69 L. Ed. 1028. It operates directly against the bankrupt's assets and puts them in custodia legis. Great confusion and difficulty might be caused by undertaking to liquidate in a separate proceeding a certain piece of property which was part of a bankrupt's estate. See The Casco (D. C.) 230 F. 929. The trustee in bankruptcy takes the schooner in the same plight and condition as she was held by the bankrupt; i. e., subject to all valid maritime liens to be enforced with priorities according to the admiralty law. West Kentucky Coal Co. v. Dellman (C. C. A.) 15 F. (2d) 25. This is necessarily so because the liens attached to the vessel herself, and were not merely personal claims against Sinagra. I have no doubt that the referee in bankruptcy will be able to deal correctly with the questions involved. If his conclusions should be doubted, they will be reviewed by the same judge sitting in bankruptcy who would hear the case if it were allowed to proceed on the admiralty side.

It follows that, as the vessel was beyond the reach of the admiralty process at the time when the libel was filed, and cannot be made amenable to it for the purposes of the present suit, permission therefor being refused, the libel should be dismissed. But, inasmuch as this admiralty proceeding is in effect a request for instructions as to the method in which the liquidation of this part of the bankrupt's estate should proceed, I think the libelants entitled to costs, as from a fund in litigation.

Decree accordingly.