## In re NEW YORK, N. H. & H. R. CO.
### No. 16562.

District Court, D. Connecticut.

Oct. 5, 1936.

Burlingham, Veeder, Clark & Hupper, of New York City, for petitioner.

Madison G. Gonterman, of New York City, for debtor.

HINCKS, District Judge.

The petition shows the following facts:

1. On September 25, 1935, the steam tug Transfer No. 18 was the property of the debtor herein.

2. On said date said Transfer No. 18, having in tow a car float, collided with motor vessel L.T.C. No. 3, owned by the petitioner.

3. On October 23, 1935, the debtor herein instituted proceedings under section 77 of the Bankruptcy Act, as amended by Act Aug. 27, 1935 (11 U.S.C.A. § 205 and note), by its petition duly filed on that date and approved.

4. On November 18, 1935, the petitioner caused a libel to be filed in the United States District Court for the Eastern District of New York to recover the damages claimed to have been sustained as a result of said collision in the amount of $5,000. No further proceedings have been had, however, upon said libel because of the orders of this court restraining the enforcement of liens against the debtor's property.

The petitioner prays leave to cause process to issue against steam tug Transfer No. 18 and for other relief.

On October 23, 1935, when the petition in these proceedings was approved, the debtor was in possession of the steam tug, which thereupon came into the exclusive jurisdiction of this court under the provisions of section 77, subd. (a), as amended in 1935 (11 U.S.C.A. § 205(a). That being so, if the petitioner wishes to assert any right in rem against the vessel itself, it must do so by filing and prosecuting its claim in this court, which has ample power to give all proper application as to the maritime law. The Casco (D.C.) 230 F. 929; The Robert & Edwin (D.C.) 32 F.(2d) 390; Butler v. Ellis (C.C.A.) 45 F.(2d) 951; West Kentucky Coal Co. v. Dillman (C.C.A.) 15 F.(2d) 25. See,

also, In re Fougner Concrete Shipbuilding Co. (C.C.A.) 286 F. 379.

There is nothing in this ruling inconsistent with the case of In re Interocean Transportation Co. of America Inc. (D. C.) 232 F. 408. In that case the fund, which was the subject-matter of the libel, was in the possession of a third party, not the trustee in bankruptcy. Nor do any of the cases cited deny to the bankruptcy court power to adjudicate liens, maritime or otherwise, upon a res which is in the custody and within the exclusive jurisdiction of bankruptcy.

The petitioner has expressed concern lest the steam tug in which it claims to have a right may be lost pending these proceedings, thus limiting, if not obliterating, its claimed right in rem. The petitioner therefore seeks an order directing the trustees to keep the tug insured for the protection of its claimed lien. As to this, I should suppose that a failure to keep the tug insured would in the event of its loss subject the trustees, and the sureties on their bonds, to a personal liability to one proving a valid lien upon the vessel. However that may be, the trustees' affidavit filed in opposition to the petition shows that the tug is insured in the amount of $125,000 "for the account of whom it may concern." There is thus no present occasion for the order sought.

Neither is there any present occasion for an order providing that in the event of the loss of the tug, the petitioner's claimed lien shall attach to the insurance moneys. If, upon such an event, equity requires such a shift of lien, it will be time enough then so to order. The case of A. M. Bright Grocery Co. v. Lindsey (D.C.) 225 F. 257, cited by the petitioner, is concerned with the powers of a court of admiralty; it does not deny to the bankruptcy court power to enforce an equitable lien.

In conclusion I must make it clear that nothing in this memorandum precludes the petitioner from proceeding in admiralty in personam. Such is its right under the proviso of subdivision (g) of section 77, as amended in 1935 (11 U.S.C. A. § 205(g). A decree so obtained might possibly serve a double purpose: First, it might enable the petitioner to reach the underwriters of any insurance covering the alleged collision. And, second, such a decree, if offered in support of a claim

filed by the petitioner in these proceedings, would serve as the measure of the petitioner's damages and thus as the measure of the petitioner's right to participate in any plan of reorganization for the debtor's estate which may be confirmed in this court.

The pending petition, however, since it wholly fails to seek the limited relief available in admiralty, is wholly denied.