## In re NEW YORK, N. H. & H. R. CO.

### No. 16562.

District Court, D. Connecticut.
Oct. 9, 1936.

490

custody, or control of the barge. In the absence of such a showing, it cannot be held that the debtor was engaged in the "operation" of the barge. By sending its employees on board, as requested, for purposes of unloading, the debtor did not assume the "operation" of the barge.

Petition denied.

Bigham, Englar, Jones & Houston, of New York City, and Vincent Dooley, of New Haven, Conn., for petitioner.

Madison G. Gonterman, of New York City, for debtor.

HINCKS, District Judge.

This matter is now before the court upon the petition of the barge Supreme for leave to file a libel in admiralty in the Southern or Eastern District of New York for the recovery of damages against the estate of the debtor by reason of its alleged negligence on or about August 5, 1935, a date prior to the institution of these proceedings in bankruptcy. The charge of negligence is that stevedores employed by the debtor negligently injured the barge in the process of unloading the same by removing braces running athwartships to secure proper support for the cargo. It is alleged that as a result of the removal of the braces the barge sprang a leak necessitating a salvage operation and repairs costing approximately $2,000.

Since the cause of action arose prior to the institution of these proceedings in bankruptcy, the court of bankruptcy has exclusive jurisdiction to liquidate the petitioner's claim, even though the claim be one recognized under the maritime law. And if the maritime law is applicable, the court of bankruptcy has power to give it all proper application. See The Casco (D. C.) 230 F. 929; The Robert & Edwin (D. C.) 32 F.(2d) 390.

The case does not fall within the proviso of section 77(j) of the Bankruptcy Act, as amended by Act Aug. 27, 1935 (11 U.S.C.A. § 205(j), which reads as follows: "Provided, That suits or claims for damages caused by the operation of trains, busses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction and any order staying the prosecution of any such cause of action or appeal shall be vacated."

Plainly the "operation" referred to in the proviso means the operation *by the debtor*. But the petition wholly fails to show that the debtor ever had possession,