ERNEST W. CAULDWELL and Another, Plaintiffs, *v.* ERIE RAILROAD COMPANY, etc., Defendant.

Supreme Court, Special Term, Kings County, March 21, 1938.

*Peter A. Peterson,* for the plaintiffs.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the defendant.

HALLINAN, J. On the 18th day of January, 1938, an order was entered in the United States District Court for the Northern District of Ohio, Eastern Division, by Hon. S. H. WEST, United States District Judge, pursuant to a petition of the Erie Railroad Company to operate under section 77 of the Bankruptcy Act (U. S. Code, tit. 11, § 205). Paragraph 8 of the aforesaid order which is based upon subdivision (j) of section 77 of the Bankruptcy Act (U. S. Code, tit. 11, § 205, subd. [j]), provides in effect that no suits can be commenced or continued against the debtor, except suits or claims for damages caused by the operation of trains, buses or other means of transportation, which may be filed and prosecuted to judgment in any court of competent jurisdiction. It is the

claim of the defendant that the action herein comes within the provisions of the order and should, therefore, be stayed.

The within action arises from the claim of the plaintiffs that the defendant negligently operated a headlight on its locomotive so that the plaintiffs were caused to collide with a telegraph pole adjacent to the property of the defendant. The action was at issue on February 28, 1936, noticed for trial for the October, 1936, term and demand was duly made for a trial by a jury. The case has been pending on the Trial Term calendar of this court since October, 1936, *was marked " at issue "* on the *general calendar call which was held in February, 1938,* and is now on the ready calendar, soon to be reached for trial. I am of opinion that this suit is for damages caused by the operation of a train belonging to the defendant and that the word " operation " should not be construed so as to limit it solely to actions arising out of collisions or contacts of trains with other objects.

The motion is consequently denied.