### RODABAUGH v. DENNEY et al.

District Court, S. D. New York.
June 20, 1938.

Thomas J. O'Neill, of New York City (Thomas J. O'Neill and Charles R. Mullin, both of New York City, of counsel), for plaintiff.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Theodore Kiendl and L. Ray Glass, both of New York City, of counsel), for defendants.

PATTERSON, District Judge.

The motion is by the defendants, sued as trustees of the Erie Railroad Company, to stay further prosecution of the action. The action, as appears from the complaint, is for personal injuries suffered by the plaintiff while working in interstate commerce in the employ of the Erie Railroad Company and is brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. It is alleged that employees of the railroad company built a scaffold in connection with repairing a bridge; that on October 18, 1937, while the plaintiff in performance of his work was standing on the scaffold, it collapsed due to negligent construction, causing the plaintiff to fall and

1012

sustain injuries. The ground of the motion to stay the action is that the Erie Railroad Company filed a petition for reorganization under section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, in the District Court for the Northern District of Ohio; that the defendants are trustees in such proceeding; that by order of the District Court for the Northern District of Ohio, on January 18, 1938, all persons are restrained from commencing suits against the debtor, "provided that suits or claims for damages caused by the operation of trains, busses or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction".

By section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, covering reorganization of railroads, the court is empowered in subparagraph (j) to "enjoin or stay the commencement or continuation of suits against the debtor until after final decree", provided that "suits or claims for damages caused by the operation of trains, busses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction and any order staying the prosecution of any such cause of action or appeal shall be vacated." The exercise of such power is matter of discretion with the court in charge of reorganization. See Foust v. Munson Steamship Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49. But the plaintiff is in error in urging that it is discretionary with this court to permit continuance of the action. The court in charge of reorganization has already issued an order exercising the power to stay suits. That order contains an exception in the language of the statute, to the effect that suits "for damages caused by the operation of trains, busses, or other means of transportation" shall not be stayed. The only question for present determination is whether the present action, one for injuries suffered by an employee prior to reorganization through the collapse of a scaffold in repair of a bridge over which the trains of the railroad company are operated, is within the excepted class.

In a very broad sense every action against a railroad company wherein money damages are demanded is an action for "damages caused by the operation of trains, busses or other means of transportation". The primary business of a railroad company is to operate trains, and all its activities are incidental to the operation of trains. The words of the proviso are not to be construed so broadly; nor on the other hand, should they be construed so narrowly as to defeat the purpose of Congress in enacting the proviso. Congress doubtless had in mind the fact that the district· court in charge of reorganization might be a long distance from the court in which an action for damages might be brought, and that the obtaining of consent of the court in charge of reorganization might be a hardship on a claimant. This is a factor in favor of a liberal interpretation of the proviso. There is no apparent reason for a distinction between the case of a plaintiff who is struck by a moving train and the case of a plaintiff who was injured by the collapse of a scaffold while working as an employee of the railroad. I am of opinion that the present case is one "for damages caused by the operation of trains, busses or other means of transportation" and that the prosecution of the action in the usual manner has not been restrained by the reorganization court. The motion for a stay will be denied.