ERIE RAILROAD COMPANY Respondent, *v.* WILLIAM J. PFEIL, INC., Appellant.

Fourth Department, March 8, 1939.

*Sanders, Hamilton, Dobmeier, Connelly & McMahon [Harry D. Sanders* of counsel; *John F. Connelly* with him on the brief], for the appellant.

*Moot, Sprague, Marcy & Gulick [Leroy H. Hurlbert* of counsel: *Welles V. Moot* with him on the brief], for the respondent.

DOWLING, J.   In 1932 the plaintiff received from a connecting carrier and transported over its road and delivered to the defendant at Alden, N. Y., a carload of lumber and a carload of beans.   The freight and demurrage charges on the lumber amounted to $530.48 and on the beans to $182.93.   In March, 1934, the plaintiff instituted this action to recover said charges.   The complaint contains two causes of action.   The first cause pertains to the shipment of lumber and the second cause to the shipment of beans. The defendant answered admitting the deliveries and the non-payment of the freight and demurrage charges.   As a complete defense and a counterclaim to the second cause of action the defendant alleges that the plaintiff and its connecting carrier shipped the beans in a car which had previously contained salt and which was unsuitable for the purpose; that the salt rendered the beans useless for seed, for which they had been purchased, to defendant's damage in the amount of $267.02.   To both causes of action the defendant interposed a counterclaim in the amount of $5,179 for damages arising out of an alleged breach of contract on the part of the plaintiff for the construction of a side track across the property of one Pfeil.   To both counterclaims the plaintiff interposed a reply.

On January 18, 1938, the Erie Railroad Company filed a petition as a debtor under section 77 of the Federal Bankruptcy Act in the District Court of the United States for the Northern District of Ohio, Eastern Division.   On that date the petition was approved by Order No. 1 of that court.   On February 14, 1938, by Order No. 7 the court appointed Charles E. Denny and John A. Hadden as trustees of the debtor.   Their appointment was approved by the Interstate Commerce Commission.   On May 7, 1938, the bonds of the trustees were approved by the court.   Since that date the trustees have been and are now in possession of the property and choses in action of the debtor.

Order No. 1 provided in part, " That pending further order of the Court in the premises the Debtor is authorized and empowered to institute or prosecute in any Court or before any tribunal of competent jurisdiction all such suits and proceedings as may be necessary in its judgment for the recovery or proper protection of its property or rights."   Paragraph 6 of Order No. 7 provided,

" That upon said ratification and the filing of said bonds, said Trustees shall have all rights, privileges, powers and duties heretofore granted to or imposed upon the Debtor by said Order No. 1; and said Order No. 1, with respect to said Trustees and the property of Debtor, shall be of like force and effect as though the said Trustees were therein named in the place of the Debtor."

On May 23, 1938, the Erie Railroad Company and the trustees, on notice to the defendant, moved at a Special Term of Supreme Court in Erie county for an order substituting the trustees of the railroad company as parties plaintiff in place of the debtor, permitting the service of an amended reply and staying the prosecution of said counterclaims. The motion was opposed by the defendant. The court granted the relief asked and an order was entered accordingly. This order did not stay the prosecution of the plaintiff's action. The defendant appeals from the order in so far as it substituted the trustees in place of the debtor, restrained prosecution of its counterclaims and permitted prosecution of plaintiff's action.

Paragraph 8 of Order No. 1 provides in part, " That all persons, firms and corporations whatsoever and wheresoever situated, located or domiciled, be and they hereby are restrained and enjoined * * * from commencing any suits or continuing any suits against the Debtor, provided that suits or claims for damages caused by the operation of trains, buses or other means of transportation may be filed and prosecuted to judgment in any Court of competent jurisdiction."

By the provisions of Orders No. 1 and 7, first above quoted, the trustees had the consent of the Bankruptcy Court to apply for an order substituting them as plaintiffs in place of the debtor. Hence, the substitution was properly made. (*Hahlo* v. *Cole*, 112 App. Div. 636.)

Subdivision (a) of section 77 of the Federal Bankruptcy Act, section 205 of title 11 of the United States Code, provides, in part, that the Bankruptcy Court shall " have exclusive jurisdiction of the debtor and its property wherever located, and shall have and may exercise in addition to the powers conferred by this section all the powers, not inconsistent with this section, which a Federal court would have had if it had appointed a receiver in equity of the property of the debtor for any purpose. Process of the court shall extend to and be valid when served in any judicial district." The counterclaims are against the Erie Railroad Company itself and do not affect its property or interfere with the property in the custody of the Bankruptcy Court. Under these circumstances the State courts are not ousted of jurisdiction. (*Northeastern R. E. Sec. Corp.* v. *Goldstein*, 276 N. Y. 64, 69.) We think

the restraining clause in paragraph 8 of Order No. 1 above quoted is sufficient, if served upon the defendant, to restrain prosecution of the counterclaim arising out of the alleged breach of contract to install the side track as it does not come within either the proviso of the above restraining clause or of subdivision (j) of section 77 of the Bankruptcy Act. Whether the counterclaim for damages to the beans may be prosecuted under said proviso is not so clear. Counterclaims are not specifically mentioned in the restraining order of the Bankruptcy Court. Section 266 of the Civil Practice Act provides in part, " A counterclaim may be any cause of action in favor of the defendants or some of them against the plaintiffs." In *Walker* v. *A. C. Ins. Co.* (143 N. Y. 167) the court defined a counterclaim at page 169: " Facts pleaded which controvert the plaintiff's claim and serve merely to defeat it as a cause of action are inconsistent with the legal idea of a counterclaim, which is a separate and distinct cause of action, balancing in whole or in part that proved by the plaintiff. (*Prouty* v. *Eaton*, 41 Barb. 409.) It meets the latter, not only by a denial of it, or an attack upon its existence, but by opposing to it an equal or over-balancing demand on the part of the defendant." We think these counterclaims are independent causes of action, or suits, within the meaning of paragraph 8 of Order No. 1 and of subdivision (j) of section 77, *supra.*

The counterclaim for damage to the beans was properly interposed notwithstanding the fact that the plaintiff sues to recover for freight charges. (*Schwinger* v. *Raymond*, 83 N. Y. 192, 197; *Pennsylvania Railroad Co.* v. *Bellinger*, 101 Misc. 105, 107, 108, *Chicago & N. W. R. Co.* v. *Lindell*, 281 U. S. 14, 17.)

A common carrier must provide itself with vehicles which are safe and sufficient for the purpose intended. A carrier may be held negligent for failing to furnish a suitable car. (*Loomis* v. *Lehigh Valley R. R. Co.*, 208 N. Y. 312, 322; *Illinois Central R. R. Co.* v. *Harris*, 184 Ill. 57, 59; 56 N. E. 316; *Kilthau* v. *International Mer. Marine Co.*, 245 N. Y. 361, 363; 10 C. J. § 97, p. 90; *Matter of New York, N. H. & H. R. Co.*, 17 F. Supp. 489, 490.) The defendant does not allege that the Erie Railroad Company, or its connecting carrier, was negligent in failing to provide a car suitable for the transportation of the beans. If deemed necessary, the defendant might move to amend its counterclaim to include such an allegation. Under any view the plaintiff's causes of action arose out of the operation of its trains. We think the damage to the beans, if any, arose out of the operation of the trains of the Erie Railroad Company and its connecting carrier and that the prosecution of this counterclaim is not prohibited by the restraining

order of the Federal court. Consequently the Special Term erred in restraining the prosecution of this counterclaim.

The order appealed from should be modified by striking out the part thereof which restrains the defendant from prosecuting its counterclaim for damage to the beans and as so modified should be affirmed, without costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, TAYLOR and DOWLING, JJ.

Order so far as appealed from modified on the law so as to permit the defendant to prosecute the counterclaim first alleged and as modified affirmed, without costs.