LIQUID CARBONIC CORPORATION, Plaintiff, *v.* ERIE RAILROAD COMPANY, Defendant.

City Court of New York, New York County, July 21, 1939.

*Norman S. Rein,* for the plaintiff.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the defendant.

KAHN, J. Motion by defendant to stay plaintiff from further prosecuting this action is denied. Plaintiff sues defendant for damages to a bottling machine claimed to have been caused by the failure of defendant to provide proper unloading facilities from one of its cars.

It appears that defendant heretofore applied for and secured an order permitting it to operate under section 77 of the Bankruptcy Act (U. S. Code, tit. 11, § 205), which order in effect provided that no suits may be commenced or continued against the defendant except suits or claims for damages caused by the operation of trains, buses or other means of transportation. Defendant claims that this action comes within the provisions of the order and should be stayed. It contends that the exception relates only to damages occurring in the course of transportation, such as damage to freight through collision, at which time the instruments of transportation are in operation. The United States District Court (S. D. N. Y.) in *Rodabaugh* v. *Denney* (24 F. Supp. 1011) has held that the statute should receive a liberal and not a narrow construction and that an action brought by a railroad employee injured on a scaffold on which employees were working was a suit for damages caused by the operation of a train and hence permitted by the statute to be prosecuted against a carrier notwithstanding the bankruptcy proceedings. A similar broad construction has been placed on the word " operation," as used in the statute, in *Cauldwell* v. *Erie R. R. Co.* (167 Misc. 284). (See, also, *Erie R. R. Co.* v. *Pfeil, Inc.*, 256 App. Div. 465.) This court is in accord with the holdings of the above cases and is of the opinion that the prosecution of this action is not barred.