**Michael F. MUNNELLY, an infant over the age of 14 years, by Sophie Munnelly, his mother and natural guardian, Plaintiff,**

**v.**

**John E. FARRELL, Trustee, the Central Railroad Company of New Jersey, and Penn Central Transportation Company, Defendants.**

**No. 70 Civ. 2562.**

United States District Court, S. D. New York.

Sept. 8, 1970.

Addendum Sept. 14, 1970.

Arnold B. Elkind, New York City, for plaintiff.

Thomas J. Smith, New York City, for defendant, Penn Central Transportation Co.

Alexander & Green, New York City, for defendant, John E. Farrell, Trustee, The Central Railroad Company of New Jersey.

## OPINION

FRANKEL, District Judge.

On June 4, 1970, the plaintiff was working as a brakeman for defendant Central Railroad Company of New Jersey (CNJ). According to the complaint and moving affidavit now before the court, he was climbing aboard the caboose of a CNJ freight train when he was struck by a bolt of electricity from an overhead catenary line and hurled to the ground. He suffered severe burns over much of his body. Among the consequences of the disaster, both his legs had to be amputated.

Plaintiff sues for $2,000,000. His employer is alleged to be liable under the Federal Employers' Liability Act for failing to supply him with a safe place of work. The second defendant, Penn Central Transportation Company (Penn), focus of our present concern, is sued for common-law negligence. Penn, it is alleged (and evidently not disputed), built, owns and maintains for operation of its electric trains on CNJ tracks the overhead wire by which plaintiff claims to have been injured. Plaintiff charges that his injuries were the result of Penn's negligence in the maintenance and operation of that overhead line.[1]

■ Penn has not answered the complaint, and plaintiff now moves for judgment by default. It is agreed, however, that there is no real question of default. On June 21, 1970, Penn filed a petition for reorganization under § 77 of the Bankruptcy Act, 11 U.S.C. § 205, in the District Court for the Eastern District of Pennsylvania. That court's order, entered the same day, approved the petition and contained the standard stay of proceedings against the debtor authorized by 11 U.S.C. § 205(j).[2] The stay, tracking the statute, enjoins all proceedings against Penn,

> "provided that suits or claims for damages caused by the operation of trains, buses, or other means of transportation may be filed and prosecuted to judgment in any Court of competent jurisdiction * * *."

Counsel for Penn, filing no answer, notified plaintiff's counsel by letter of its position that the bankruptcy court's stay bars the present action.[3] Plaintiff's motion, while in terms for a default, is a sufficient device for bringing on the contention that the quoted proviso justifies the present suit and requires Penn to come forward and defend.

■ The narrow question has not been the subject of much reported adjudication. What there is favors plaintiff to a degree this court finds amply persuasive. The decision of Judge Patterson in Radabaugh v. Denney, *supra* note 3, is directly in point. Plaintiff there was working upon a scaffold repairing a bridge over which trains of defendant trustees' railroad ran. Injured when the scaffold collapsed, he sued for alleged negligence in its construction. As is true here, Judge Patterson faced the question whether damages resulting from defects in a structure could be said to have been "caused by the operation of trains, busses, or other means of transporta-

---

1. Penn's sharply different version of how and why plaintiff was hurt is not a concern at this time.

2. "(j) In addition to the provisions of section 29 of this title for the staying of pending suits against the debtor, the judge may enjoin or stay the commencement or continuation of suits against the debtor until after final decree; and may, upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree: *Provided*, That suits or claims for damages caused by the operation of trains, busses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction and any order staying the prosecution of any such cause of action or appeal shall be vacated. * * *"

3. Aesthetically, at least, Penn's position would be more properly presented by a motion to stay or an answer demanding a stay. Cf. Rodabaugh v. Denney, 24 F.Supp. 1011 (S.D.N.Y.1938).

tion * * *." He disposed of the subject with crisp attention to the policies and interests discernibly at stake (24 F. Supp. at 1012):

"In a very broad sense every action against a railroad company wherein money damages are demanded is an action for 'damages caused by the operation of trains, busses or other means of transportation'. The primary business of a railroad company is to operate trains, and all its activities are incidental to the operation of trains. The words of the proviso are not to be construed so broadly; nor on the other hand, should they be construed so narrowly as to defeat the purpose of Congress in enacting the proviso. Congress doubtless had in mind the fact that the district court in charge of reorganization might be a long distance from the court in which an action for damages might be brought, and that the obtaining of consent of the court in charge of reorganization might be a hardship on a claimant. This is a factor in favor of a liberal interpretation of the proviso. There is no apparent reason for a distinction between the case of a plaintiff who is struck by a moving train and the case of a plaintiff who was injured by the collapse of a scaffold while working as an employee of the railroad. I am of opinion that the present case is one 'for damages caused by the operation of trains, busses or other means of transportation' and that the prosecution of the action in the usual manner has not been restrained by the reorganization court. The motion for a stay will be denied."

Defendant proposes a distinction on the ground that Rodabaugh was an employee of the debtor railroad there involved, and thus specially favored as a matter of

bankruptcy law generally, and specifically under § 77.[4] But there is nothing in Judge Patterson's opinion or in the statutory language to sustain this analysis. The proviso here in question relates generally to "suits or claims for damages," not to such actions by employees. Other provisions benefitting employees do not limit the beneficiaries of subsection (j).

That there was special concern for the rights generally of persons suffering personal injuries is a more strongly arguable position. In re Chicago & E. I. Ry. Co., 121 F.2d 785, 788, 789, 790 (7th Cir.), cert. denied, Chicago & E. I. Ry. Co. v. Gourley, 314 U.S. 653, 62 S.Ct. 102, 86 L.Ed. 523 (1941). The cited decision of the Seventh Circuit has been criticized for focusing too narrowly on personal injury claims and thus tending to be insufficiently liberal to other kinds. See 5 Collier on Bankruptcy 517 (14th ed. 1969). But there is no need to take sides on that question in the case at hand, which is within the class "[o]bviously" (*id.*) covered by the proviso.

The basic relief plaintiff seeks will be granted. The bankruptcy stay is held inapplicable, and defendant will be required to answer within five days from the entry of an order upon today's ruling. Defendant urges with some plausibility that the question now decided is an appropriate one for an interlocutory appeal under 28 U.S.C. § 1292(b). In submitting proposed orders, both sides should give the court the benefit of their respective views on this subject.

Settle order on notice.

### ADDENDUM

The parties have given the court their submissions on the propriety of an in-

---

4. "In proceedings under this section, * * * claims for personal injuries to employees of a railroad corporation, claims of personal representatives of deceased employees of a railroad corporation, arising under State or Federal laws, and [certain other claims] * * * shall be preferred and paid out of the assets of such railroad corporation as operating expenses of such railroad." 11 U.S.C. § 205(n).

**332**

terlocutory appeal. Upon further study, the court is persuaded to plaintiff's view that there is not "substantial ground for difference of opinion" about the issue as to the scope of the stay. Accordingly, since the quoted criterion is not satisfied, the case is not one for an interlocutory appeal under 28 U.S.C. § 1292 (b).