REIMANN *v.* NEW YORK CENTRAL RD. CO. ET AL.
HOSMER *v.* PENN CENTRAL TRANSPORTATION CO. ET AL.

[Cite as Reimann v. N. Y. C. Rd. Co (1971),
27 Ohio Misc. 81.]

(Nos. 809367 and 874441—Decided February 25, 1971.)

Common Pleas Court of Cuyahoga County.

*Mr. Jerome M. Ellerin* and *Messrs. Disbro & Ellerin,* for plaintiff Arthur Reimann.

*Mr. John F. Dolan* and *Mr. Thomas R. Skulina,* for defendant New York Central Railroad Company.

*Mr. Bronis J. Klementowicz,* director of law, and *Mr. Richard B. Mills,* for defendant city of Cleveland.

*Mr. Milton Dunn,* for plaintiff Isis Hosmer.

*Mr. John F. Dolan, Mr. Thomas R. Skulina* and *Mr. Nicholas M. Devito,* for defendant Penn Central Transportation Company.

*Messrs. Green, Cronquist & Smith,* for defendant city of Garfield Heights.

MCMONAGLE, J. In the *Reimann case,* the court had previously overruled a motion to dismiss. The defendant,

82

New York Central Railroad Company, filed an application for reconsideration in which they concede that the motion to dismiss was probably not a proper motion, but that they desire that it be treated by the court as a motion to stay proceedings. The court has therefore granted the motion for reconsideration and is treating the instrument filed in the *Reimann case* as a motion for a stay of proceedings.

There is now for the decision of the court, a motion to stay proceedings in each of the above cases. Each case presents the same question. The facts in the *Reimann case* illustrate the basis for the motions.

On June 21, 1970, a petition for reorganization of the Penn Central Transportation Company, under Section 77 of the Bankruptcy Act (Title 11, Section 205, U. S. Code) was granted by the United States District Court for the Eastern District of Pennsylvania. A complete copy of that court's order is on file herein.

The authority of the District Court to enter its order, which in substance places the properties of the Penn Central in a trusteeship under the jurisdiction of the United States District Court, is not in question.

The question before this court is the following:

Does the United States District Court order prohibit either of the within actions from being prosecuted to final judgment herein?

The contentions of the movant that the motion should be granted is predicated upon counsel's interpretation of paragraph 9 of the District Court order, as applicable to the within actions.

The *Reimann* action was at issue prior to June 21, 1970. In it the plaintiff is asking for damages from the city of Cleveland and the New York Central Railroad Company based on his claim that he sustained injuries because, by the failure of the city of Cleveland and the New York Central Railroad Company to properly conduct their operations, that the tracks and the roadway at the grade crossing at E. 40th Street near Lakeside in Cleveland were caused to become in such a state of depression or elevation as to

cause his car to become entangled thereon and injury to plaintiff.

The portions of the District Court order upon which the motion is predicated include the following:

"9. All persons * * * are enjoined * * * from commencing or continuing any proceeding against the debtor * * * provided that suits or claims for damages caused by the operation of trains, buses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction * * *."

It is the trustees' contention that the plaintiff's action is not within the above exception; that the phrase "* * * caused by the operation of trains, buses or other means of transportation * * *" means "caused by trains, etc. while in motion" (see reply brief); that since the episode causing the injuries did not occur while a train was in motion, these proceedings should be stayed.

A decision requires a review of the District Court's order of June 21, 1970, which includes the following:

"The debtor is authorized:

"2. * * * to pay all or any of the following, in whole or in part, without limiting the generality thereof, and to adjust or compromise the same:

"* * *

"B. * * * all claims for injuries, death or other loss or damage to passengers and others arising from the operation of its railroad and properties, * * *

"3. Until the further order of this court, no payment shall be made by the Debtor upon or in respect of the principal of, or interest on, any of its funded or floating debt, except the principal of, and interest or dividends on, equipment obligations issued, guaranteed or assumed by the Debtor.

"* * *

"5. Pending further order of the Court, the Debtor is authorized and empowered to institute or prosecute in any court or before any tribunal * * *; and likewise to *defend* and to liquidate, compromise, adjust or make settlement of *any actions*, proceedings or suits now pending

84

against the Debtor or which may hereafter be asserted or be brought in any court or before any officer, department, commission or tribunal to which the Debtor is or shall be a party; *but no payment shall,* without further order of this Court, *be made* by the Debtor *in respect of any such actions,* proceedings or suits on claims accruing *prior to the date of this order,* except such claims as may be permitted to be paid by this order or by other general orders hereafter entered herein, and such as constitute preferred claims under the Acts of Congress relating to Bankruptcy; * * *,,

It is obvious from the above that the order does not prohibit the continuance of proceedings such as the instant ones but specifically authorizes their continuance up to and including an entry of judgment.

Further, it is now crystal clear from a reading of the entire Order that the phrase "caused by the operation of trains, * * *" was not intended to be limited to claims caused by "movement or driving of trains" except that payment of judgments entered on claims that arose prior to the trusteeship cannot be made unless specifically authorized.

It is completely irrational and illogical to believe that the order permitted a brakeman to bring an action under the FELA if he sustained a broken leg because an engineer backed up a train against a signal but that he could not do so as a result of stepping on a defective rail in a crossing; or

A waiting motorist could prosecute an action for damages because he was injured as a result of an explosion on a train then moving over a crossing but he could not do so if the explosion occurred while the train was standing on the crossing; or

Suit could be prosecuted if a train in passing over a crossing broke off a piece of rail and projected it into a waiting motorist but that it could not be prosecuted if the rail is broken by the train and results in injury to a passing motorist when he drives over it.

It is also obvious that in the last hypothetical sentence,

which is akin to the instant cases that a jury could find that the injury was proximately caused by the operation of a train. Would not both instances shown be within the contemplation of the wordage of paragraph 9? Even though the one instance did not involve a train in motion at the time of the occurrence?

Webster's Third New International Dictionary (Unabridged), Vol. 11, L-Z, 1580, 1581, defines the words "operation" and "operating" in part, as follows:

"Operation 9-b: the whole process of planning for and operating a business or other organized unit (the operation of a large household) (the operation of a steel mill).

"Operating 2-a: arising out of or concerned with the current operations of a concern engaged in transportation or manufacturing as distinct from its financial transactions and its permanent improvements." (at page 1581)

The court feels that the quoted wordage in paragraph 9 was not intended to modify or amend any other provisions of the order or to have the restrictive meaning contended by counsel for the trustees.

In both cases there are two defendants. The court can see no basis why these actions should not proceed to judgment. Preferences or priorities of payment, of course, is for the court having jurisdiction of the properties of the Penn Central Railroad.

The motion to stay proceedings is therefore overruled in each case.

*Motions overruled.*