## Hisey v. Reading Company

*Murray S. Eckell,* for plaintiffs.

*J. H. Ward Hinkson* and *Joseph H. Foster,* for defendants.

BLOOM, J., April 12, 1972.—This case arises from a complaint in trespass filed by 23 plaintiffs against the Reading Company and others claiming over $3,000,000 in property damage. The complaint was filed on October 15, 1971, and alleged that on September 13, 1971, defendant, Reading Company, was negligent in failing to open a swing bridge located over the Chester Creek at Front Street and Edgmont Avenue in the City of Chester, Pa. More specifically, plaintiffs allege that the Reading Company knew, or should have known, that the high level of the Chester Creek, which was caused by extensive rain, would rise above the level of the bridge, and that the Reading Company knew, or should have known, that if the bridge was not opened, it would create a damming effect on the flow of water down Chester Creek, thus causing the water to back up and overflow its banks, which would cause damage to plaintiffs' real and personal property.

On November 23, 1971, defendant, Reading Company, filed a petition in the United States District Court for the Eastern District of Pennsylvania, for the reorganization of the railroad under the provisions of section 77 of the Federal Bankruptcy Act, 11 USC §205. This Federal statute gives any railroad corpo-

ration the right to file a petition stating it is insolvent and that it desires to effect a plan of reorganization. On November 23, 1971, the Federal district court approved the petition.

Thereafter, on December 22, 1971, a rule was granted in favor of the Reading Company and against all plaintiffs to show cause why the further prosecution and continuation of plaintiffs' claim should not be restrained and enjoined as against the Reading Company. This issue is presently before this court for disposition.

There is also pending before this court plaintiffs' petition to amend the original complaint in order to add 13 additional plaintiffs. It is conceded by respective counsel that no legal basis exists to bar the addition of more plaintiffs to the cause of action before this court, except a determination that the present cause of action should be restrained and enjoined from further prosecution as against the Reading Company.

Finally, there is also before this court the propriety of plaintiffs' objections to certain of the Reading Company's written interrogatories served upon plaintiffs. This aspect of the case will be discussed in a companion opinion.

In support of its contention that a continuation of the suit before us be restrained and enjoined, the Reading Company cites section 77 of the Bankruptcy Act, 11 USC §205 (j), which provides:

"In addition to the provisions of section 29 of this title for the staying of pending suits against the debtor, the judge may enjoin or stay the commencement or continuation of suits against the debtor until after final decree; and may, upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien

until after final decree: Provided, That *suits or claims for damages* caused by the *operation of trains,* busses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction and any order staying the prosecution of any such cause of action or appeal shall be vacated. . . ." (Italics supplied.)

Pursuant to the above statute, the district court, in its Order no. 1 page 12, paragraph 10, set forth the following:

"All persons and all firms and corporations, whatsoever and wheresoever situated . . . are hereby restrained and enjoined them . . . commencing or continuing any proceeding against the Debtor, whether for obtaining or for the enforcement of any judgment or decree or for any other purpose, provided that *suits or claims for damages* caused by the *operation of trains,* buses, or other means of transportation may be filed and prosecuted to judgment in any Court of competent jurisdiction. . . ." (Italics supplied.)

It is defendant's position that since the present cause of action does not involve a claim for personal injuries, as opposed to property damage, and since the present cause of action does not arise from the "operation of trains," the foregoing statute and order precludes this court from conducting any further proceedings to bring the instant case to a conclusion. This court does not agree.

Although defense counsel has presented to this court a number of personal injury cases wherein a suit was permitted to continue after a petition for reorganization had been approved, in defense counsel's own words, "it is true that the language of the statute does not limit itself to a claim for personal injuries. . . ." See also City of New York v. Draper, 107 N.Y.S. 2d 789 (1951), wherein the court stated that

statutory terms "suit or claims for damages" includes property damage cases, as well as personal injury cases.

A more interesting and a closer question is presented by defense counsel's argument that the cause of action before us does not arise from the "operation of trains. . . ." Recall that the complaint alleges that damage was caused because of the failure of the Reading Company to open a swing bridge, thus causing the flow of water down Chester Creek to back up and flood over its banks.

While it is true that the instant case does not involve a collision with a moving train, the word "operation" should not be construed so as to limit its application solely to actions arising out of collisions or contacts of trains with other objects. See Cauldwell v. Erie R. Co., 3 N.Y.S. 2d 774 (1938). One need only to ask himself whether it would have been possible for a train to traverse Chester Creek had this swing bridge been open; i.e., if the bridge had been turned to a position running parallel to the creek below it. Obviously, therefore, keeping the bridge closed was essential to trains crossing over Chester Creek and, therefore, essential and necessary to the operation of defendant's trains.

The case before us no less involves the operation of trains as did Reimann v. New York Central R.R. Co., 267 N.E. 2d 439 (Ct. of Common Pleas, Ohio, 1971), wherein improper maintenance of the railroad tracks and a roadway at a crossing resulted in a plaintiff losing control of his vehicle and colliding with a bridge abutment. See also Rodabaugh v. Denny, 24 F. Supp. 1011 (1938), wherein a plaintiff was injured when a scaffold on which he was standing while repairing a bridge collapsed and caused plaintiff to suffer injury. Certainly, the case before us is even more essential

to the operation of a train. Therefore, this court holds that the case before it is not restrained or enjoined from running its course to a conclusion.

Having decided that plaintiffs may proceed in their action, we next hold that plaintiffs may amend their original complaint to add other plaintiffs and their claims to the suit before us. No legal bar nor objection has been raised by defendant to such an amendment, and this court knows of no reason why plaintiffs should not be granted leave to amend.

Therefore, we enter the following

### ORDER

And now, to wit, April 12, 1972, after consideration of argument and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that:

1. The rule to show cause why plaintiffs should not be restrained and enjoined from continuing their suit against the Reading Company is dismissed.

2. Leave is granted to plaintiffs to amend the complaint to add additional plaintiffs in this cause of action.