JOHN BOYLAN, *ET AL.*, PLAINTIFFS, v. JOHN F. NASH AND ROBERT C. HALDEMAN, TRUSTEES OF THE PROPERTY OF LEHIGH VALLEY RAILROAD CO., DEBTOR, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided January 9, 1973.

*Mr. Sidney C. Swirksy,* attorney for plaintiffs.

*McGlynn, Ruprecht & Graham,* attorneys for defendants.

MICHELS, J. S. C. ▇ Defendants, sued as Trustees of the property of the Lehigh Valley Railroad Company, debtor, moved for summary judgment in their favor on the ground that the within action was barred by an order entered in the United States District Court for the Eastern District of Pennsylvania in the reorganization proceeding involving the Lehigh Valley Railroad Company.[1]

This action, as appears from the Complaint and Affidavits, was brought by plaintiff to recover damages for personal injuries sustained when he allegedly fell at the receiving window of the Lehigh Valley Railroad Yards in Newark, New Jersey, on January 19, 1970, while obtaining documents necessary to pick up a trailer carried on the piggyback service of the railroad and delivered to the railroad yard in Newark. In the complaint filed on January 10, 1972 plaintiff contends that defendant was negligent in the ownership, operation and maintenance of the railroad yard, and that as a result he slipped and fell on an accumulation of ice and snow.

---

[1]Parenthetically, it may be noted the more appropriate procedure should have been a motion for a stay of action rather than a summary judgment under *R.* 4:46–2, and the court will therefore treat defendants' motion as a motion for a stay. *Cf. Munnelly v. Farrell,* 317 *F. Supp.* 329 (S. D. N. Y. 1970) ; *Reimann v. New York Central R. R. Co.,* 27 *Ohio Misc.* 81, 267 *N. E.* 2d 439 (C. P. 1971).

On July 24, 1970 Lehigh Valley Railroad Company filed a petition for reorganization under section 77 of the Bankruptcy Act (11 *U. S. C. A.* § 205) in the United States District Court for the Eastern District of Pennsylvania. The order of that court entered the same day approved the petition and contained in paragraph 10 the standard stay of proceedings against the railroad authorized by 11 *U. S. C. A.* § 205(j).[2] Paragraph 10 of the court's Order provided:

All persons and all firms and corporations, whatsoever and wheresoever situated, located or domiciled, hereby are restrained and enjoined from interfering with, seizing, converting, appropriating, attaching, garnisheeing, levying upon, or enforcing liens upon, or in any manner whatsoever disturbing any portion of the assets, goods, money, deposit balances, credits, choses in action, interests, railroads, properties or premises belonging to, or in the possession of the Debtor as owner, lessee or otherwise, or from taking possession of or from entering upon, or in any way interfering with the same, or any part thereof, or from interfering in any manner with the operation of said railroads, properties or premises or the carrying on of its business by the Debtor under the order of this Court and from commencing or continuing any proceeding against the Debtor, whether for obtaining or for the enforcement of any judgment or decree or for any other purpose, *provided that suits or claims for damages caused by the operation of trains, buses, or other means of transportation may be filed and prosecuted to judgment in any Court of competent jurisdiction,* and provided, further, that the title of any owner, whether as trustee or otherwise, to rolling stock equipment leased or conditionally sold to the Debtor, and any right of such owner to take possession of such property in compliance with the provisions of any such lease or conditional sale contract, shall not be affected by the provisions of this Order. [Emphasis added]

---

[2] 11 *U. S. C. A.* § 205(j) provides:

In addition to the provisions of section 29 of this title for the staying of pending suits against the debtor, the judge may enjoin or stay the commencement or continuation of suits against the debtor until after final decree; and may, upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree: *Provided,* That suits or claims for damages caused by the operation of trains, busses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction and any order staying the prosecution of any such cause of action or appeal shall be vacated. * * *

The phrase, "damages caused by the operation of trains," should be given a liberal and not a narrow construction. See *Rodabaugh v. Denney,* 24 *F. Supp.* 1011 (D. C. N. Y. 1938); *Liquid Carbonic v. Erie R. Co.,* 171 *Misc.* 969, 14 *N. Y. S.* 2d 168 (*City Court, New York,* 1939); 5 *Collyer on Bankruptcy* (14th ed.), § 77.12 at 517. In fact, it has been held that the phrase should not be construed so as to limit it solely to actions arising out of collisions and contacts of trains with other objects. See *Cauldwell v. Erie R. Co.,* 167 *Misc.* 284, 3 *N. Y. S.* 2d 774, 775 (Sup. Ct. 1938). The operation of trains by a railroad requires much more than the mere physical movement of railroad cars and engines. It requires everything necessary to permit the railroad cars and engines to move, such as the ownership, operation and maintenance of tracks, bridges, passenger and freight terminals and railroad yards. *Cf. United States Fire Ins. Co. v. Northern P. R. Co.,* 30 *Wash.* 2d 722, 193 *P.* 2d 868, 2 *A. L. R.* 2d 1065, 1073 (Sup. Ct. 1948).

Here, plaintiff's injury allegedly occurred while in the process of picking up a trailer at the railroad yard of the Lehigh Valley Railroad, which trailer had been delivered to the yard by the railroad's piggy-back service. Plaintiff's sole purpose and reason for being at the railroad yard at the time of the injury was directly related to and connected with the freight operations of the railroad. Construing the language of the phrase liberally, plaintiff's injuries were caused by the operation of trains, and the stay is therefore not applicable to this case.

While there does not appear to be any reported decision of the courts of this State or of the United States District Court for the District of New Jersey involving the construction of the language of this stay, there is persuasive authority elsewhere which would support the result here contended for by plaintiff. Thus, in *Rodabaugh v. Denney, supra,* plaintiff was injured when the scaffolding upon which he was working collapsed while he was repairing a

bridge over which trains of defendant trustees' railroad ran. Plaintiff sued to recover damages alleging negligence in the construction of the scaffold by the railroad. The railroad moved to stay the action, which the court denied, stating:

> The only question for present determination is whether the present action, one for injuries suffered by an employee prior to reorganization through the collapse of a scaffold in repair of a bridge over which the trains of the railroad company are operated, is within the excepted class.
>
> In a very broad sense every action against a railroad company wherein money damages are demanded is an action for "damages caused by the operation of trains, busses or other means of transportation". The primary business of a railroad company is to operate trains, and all its activities are incidental to the operation of trains. The words of the proviso are not to be construed so broadly; nor on the other hand, should they be construed so narrowly as to defeat the purpose of Congress in enacting the proviso. Congress doubtless had in mind the fact that the district court in charge of reorganization might be a long distance from the court in which an action for damages might be brought, and that the obtaining of consent of the court in charge of reorganization might be a hardship on a claimant. This is a factor in favor of a liberal interpretation of the proviso. There is no apparent reason for a distinction between the case of a plaintiff who is struck by a moving train and the case of a plaintiff who was injured by the collapse of a scaffold while working as an employee of the railroad. I am of the opinion that the present case is one "for damages caused by the operation of trains, busses or other means of transportation" and that the prosecution of the action in the usual manner has not been restrained by the reorganization court. The motion for a stay will be denied. [24 *F. Supp.* at 1012]

In *Liquid Carbonic Corp v. Erie R. Co., supra,* the court held that plaintiff was entitled to maintain an action for damages to a bottling machine alleged to have been caused by the failure of defendant to provide proper unloading facilities for one of its railroad cars. Similarly, in *Munnelly v. Farrell,* 317 *F. Supp.* 329 (S. D. N. Y. 1970), the court refused to apply the stay to a suit by a workman who was injured while climbing aboard the caboose of a Central Railroad freight car when he was struck by a bolt of elec-

tricity from an overhead catenary line and hurled to the ground. See also *Cauldwell v. Erie R. Co., supra; Reimann v. New York Central R. R. Co.,* 27 *Ohio Misc.* 81, 267 *N. E.* 2d 439 (C. P. 1971).

The right of plaintiff to maintain and prosecute this action to judgment will not hinder, burden, delay or be inconsistent with the pending reorganization of the railroad under section 77 of the Bankruptcy Act. *Cf. Foust v. Munson S. S. Lines,* 299 *U. S.* 77, 87, 57 *S. Ct.* 90, 95, 81 *L. Ed.* 49, 56 (1936). The effect of any judgment which plaintiff may recover in this action will be merely to convert plaintiff's claim for damages for personal injury into a liquidated claim. The judgment will not be executory against the railroad's property and assets, and may only be enforced in and under the reorganization proceedings involving the railroad pending in the United States District Court for the Eastern District of Pennsylvania. See *Jennings v. Pennsylvania Public Utility Commission,* 140 *Pa. Super.* 569, 14 *A.* 2d 882 (Super. Ct. 1940); *Reimann v. New York Central R. R. Co., supra.*

For the reasons set forth above, the within action will not be stayed, and defendants' motion is hereby denied.