Baker, et al., Appellants *v.* Ran-Per, Inc.

Argued November 15, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Michael W. Burns,* with him *Wilbur McCoy Otto,* and *Dickie, McCamey & Chilcote,* for appellants.

*George Shorall,* with him *Howard Taylor Gilfillan,* for appellee.

Opinion by Spaeth, J., June 21, 1974:

This is an appeal from an order denying a motion to dismiss a counterclaim for lack of jurisdiction.[1]

Appellants are trustees of the assets of the Penn Central Transportation Company, which is at present undergoing reorganization in the United States District Court for the Eastern District of Pennsylvania. Among the assets is the Hanlin Slag Dump located along the railroad right-of-way in Washington County, Pennsylvania. In 1972, appellants initiated an action in the Court of Common Pleas of Allegheny County charging, *inter alia,* that appellee, Ran-Per, Inc., had breached its license to remove slag from the Hanlin Dump.[2] Appellee responded with a counterclaim for damages for "malicious, intentional and wrongful interference" with the license. Appellants filed a motion to dismiss on the ground that the court below had no jurisdiction to hear the counterclaim. Appellants' argument may be summarized as follows. The reorganization of the rail-

---

[1] The appeal is authorized by The Appellate Court Jurisdiction Act, July 31, 1970, P. L. 673, No. 223, art. V, §501, 17 P.S. §211.501 and Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. *See McCrory Corp. v. Girard Rubber Corp.,* 225 Pa. Superior Ct. 45, 47 n.1, 307 A. 2d 435, 436 n.1 (1973).

[2] The history of this litigation is stated in *Baker v. Rangos,* 229 Pa. Superior Ct. 333, 324 A. 2d 498, also filed today.

road was initiated by an order of the District Court issued on June 21, 1970, pursuant to Section 77 of the Bankruptcy Act, 11 U.S.C. §205 (1970). Paragraph 9 of the order restrains and enjoins "[a]ll persons and all firms and corporations . . . from commencing or continuing any proceeding against the [railroad], whether for obtaining or for the enforcement of any judgment or decree or for any other purpose, provided that suits or claims for damages caused by the operation of trains, buses, or other means of transportation may be filed and prosecuted to judgment in any Court of competent jurisdiction. . . ." *See* 11 U.S.C. §205(j) (1950). The counterclaim is not a claim "for damages caused by the operation of trains, buses, or other means of transportation." Therefore, it "must be prosecuted against the estate of the debtor through the procedures as established by the Federal Bankruptcy Law and the Reorganization Court sitting in the United States District Court for the Eastern District of Pennsylvania." (Appellants' Brief at 4.) The lower court rejected this argument and denied appellants' motion.

It was appellants who invoked the jurisdiction of the courts of the Commonwealth of Pennsylvania. They admit they had the authority to do so.[3] Moreover, they concede that they have the authority to settle and defend claims against the railroad.[4] Should appellee's

---

[3] Paragraph 5 of the District Court's order of June 21, 1970, states in part that "the Debtor is authorized and empowered to institute or prosecute in any court or before any tribunal of competent jurisdiction all such suits and proceedings as may be necessary in its judgment for the recovery or proper protection of its property or rights. . . ."

[4] Paragraph 5 of the District Court's order authorizes appellants "to defend and to liquidate, compromise, adjust or make settlement of any actions, proceedings or suits now pending against the Debtor or which may hereafter be asserted or be brought in any court . . . to which the Debtor is or shall be a party. . . ."

counterclaim produce a judgment in its favor, the creditors of the railroad will not be harmed since payment either of the judgment[5] or of a set-off against the amount to which the railroad may be entitled from appellee appears to be barred.[6] The District Court retains jurisdiction to decide on the implementation of relief. Finally, to hear appellants' case but not appellee's "when both might easily be disposed of in one action, seems not only an uneconomic allocation of judicial resources but also an unduly harsh and useless result." *Baker v. Southeastern Michigan Shippers Co-Operative Assoc.,* Civil No. 39090 (E.D. Mich., filed Sept. 28, 1973). *Cf. In re Penn Central Transportation Co.; Petition of Lease Financing Corp.,* 346 F. Supp. 1337 (E.D. Pa. 1972).

For these reasons, we find that appellants have waived their right to assert that the general prohibition of paragraph 9 deprives the courts of the Commonwealth of Pennsylvania from having jurisdiction over appellee's counterclaim. Appellants, however, are still free to petition the District Court to pass specifically on the question presented here, in which event we shall abide by the decision of the District Court.

The order of the lower court is affirmed.

---

[5] Paragraph 5 of The District Court's order states that "no payment shall, without further order of this Court, be made by the Debtor in respect of any such actions, proceedings or suits on claims accruing prior to the date of this order, except such claims as may be permitted to be paid by this order or by other general orders hereafter entered herein, . . . ; and no action taken by the Debtor in defense or settlement of such claims, actions, proceedings or suits shall have the effect of establishing any claim upon, or right in, the property or funds in the possession of the Debtor that otherwise would not exist."

[6] *See Penn Central Transp. Co. v. March Warehouse Corp.,* 356 F. Supp. 567 (S.D. Ind. 1972). *But see Baker v. Gold Seal Liquors, Inc.,* 484 F. 2d 950 (7th Cir. 1973), *cert. granted,* 414 U.S. 1156, 94 S. Ct. 913, 39 L. Ed. 2d 108 (1974).