■ CLAIRE H. TALLMAN, Respondent, v. CARLETON J. FRENCH et al., Appellants.— Order and judgment, Supreme Court, Tompkins County, entered on June 3, 1974, affirmed, with costs. No opinion. Herlihy, P. J., Greenblott, Main and Reynolds, JJ., concur; Cooke, J., dissents and votes to reverse in the following memorandum. Cooke, J. (dissenting). I dissent, on the law, and vote to reverse the order and judgment and to grant defendants' motion for summary judgment dismissing the claim, without prejudice to the institution of a new action upon a proper jurisdictional showing. This is an appeal from an order of the Supreme Court at Special Term, entered June 3, 1974 in Tompkins County, which granted partial summary judgment in favor of plaintiff and from the judgment entered thereon. In this action instituted in 1972 pursuant to article 6 of the Real Property Actions and Proceedings Law to eject defendants from real property allegedly owned by plaintiff, the complaint asserts that defendants French and Aldridge hold themselves out as lessees of defendant Lehigh Valley Railroad Company. In 1970 an order was entered in the District Court of the United States for the Eastern District of Pennsylvania directing that the petition of said company for reorganization under section 77 of the Bankruptcy Act (U. S. Code, tit. 11, § 205) be approved as filed and that "All persons * * * whatsoever * * * are restrained and enjoined from interfering with, seizing * * * properties or premises belonging to, or in the possession of the Debtor as owner, lessee or otherwise or from taking possession of or from entering upon, or in any way interefering with the same, or any part thereof, or from interfering in any manner with the operation of said * * * properties or premises * * * and from commencing or continuing any proceeding against the Debtor, whether for obtaining or for the enforcement of any judgment or decree or for any other purpose". It is not disputed but that the reorganization proceeding is still pending and the tenor of the briefs so indicates. This restraining provision is set forth in the answer as an affirmative defense. "The district courts shall have original jurisdiction, exclusive of the courts of the States, of all matters and proceedings in bankruptcy" (U. S. Code, tit. 28, § 1334). Even assuming that plaintiff is correct in her contention that she is vested with title by the virtue of the reverter which took place in 1951, plaintiff by instituting the action concedes at least constructive possession by the railroad, otherwise an ejectment would be unnecessary. The bankruptcy court could have consented to an adjudication of rights in this real property by our State courts upon proper application prior to the institution of the action (*Palmer* v. *Larchmont Manor Co.*, 284 N. Y. 288, 291; see *Thompson* v. *Magnolia Co.*, 309 U. S.

478, 483; 1 Moore's Manual, Federal Practice and Procedure, § 5.05), but such a consent has been neither pleaded nor proven here. Therefore, the Federal statute and the enjoinments of the District Court order, both in respect to property in possession of the debtor and regarding the commencement and continuance of a proceeding against it, deprive the State courts of jurisdiction as a matter of law.