■ SHARON OSGOOD, Respondent, v ERIE LACKAWANNA RAILROAD, Appellant.—Order unanimously affirmed, with costs. Memorandum: Defendant railroad company appeals from a denial of its motion to dismiss plaintiff's complaint. Plaintiff seeks to recover for injuries suffered when she was driving her motorcycle across defendant's railroad tracks. She alleges that the defendant was negligent in the maintenance of its tracks at the crossing where the accident occurred. In its answer the railway interposed an order of the United States District Court for the Northern District of Ohio which defendant avers is a bar to plaintiff's action. Under one of the provisions, *inter alia,* of that order creditors and others were restrained and enjoined "from commencing or continuing any proceeding against the Debtor [the defendant], whether for obtaining or for the enforcement of any judgment or decree or for any other purpose, *provided that suits or claims for damages caused by the operation of trains, buses or other means of transportation may be filed and prosecuted to judgment"* (emphasis supplied). Defendant argues that since no moving train was involved in the alleged accident, any damage suffered by the plaintiff was not caused by the "operation of trains" within the meaning of the order and the Federal statute defining the authority of Federal district courts in such matters (US Code, tit 11, § 205, subd [j]). There have been few judicial interpretations of the Railroad Reorganization Act since its adoption 41 years ago. Those cases which have dealt with it have given a liberal interpretation to the provision with which

we are concerned, especially where personal injuries are involved *(Matter of Chicago & E. I. Ry. Co.,* 121 F2d 785, cert den *sub nom. Chicago & Eastern Ill. R. R. Co. v Gourley,* 314 US 653). That the term "operations of trains" has been applied to accidents not occurring from the physical operation of the train is demonstrated by the following cases: *Baker v Southeastern Mich. Shippers Co-op. Assn.* (376 F Supp 149); *Munnelly v Farrell* (317 F Supp 329); *Rodabaugh v Denny* (24 F Supp 1011); *Yeckes-Eichenbaum, Inc. v McCarthy* (264 App Div 403, revd on other grounds 290 NY 437); compare *Tallman v French* (38 NY2d 717, revg 46 AD2d 982 on dissenting opn below) and *United States v Dorigan* (236 F Supp 106). Logic favors plaintiff's position that the maintenance of tracks is a necessary part of the operation of trains and plaintiff's action falls within the scope of.the limiting proviso of title 11 (§ 205, subd [j]) of the United States Code. Our affirmance of Special Term's order makes it unnecessary to reach plaintiff's claim of laches. We note, however, that the alleged finding of an 18-month delay upon which the alleged determination of laches is based finds no support in the record. (Appeal from order of Allegany Supreme Court—summary judgment.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.