364 A.2d 420

Bela M. HABERERN, Appellant,

v.

The LEHIGH AND NEW ENGLAND RAILWAY COMPANY and R. D. Timpany, solely as trustee of the property of the Central Railroad Company of New Jersey and the Central Railroad Company of New Jersey, Appellees.

Superior Court of Pennsylvania.

Sept. 27, 1976.

2

Thomas F. Traud, Jr., Allentown, for appellant.

Cody H. Brooks, Scranton, Teel, Stettz, Shimer & Di-Giacomo, Stanley E. Stettz, Easton, for appellees the Central R.R. Co. of N. J.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant filed a complaint in trespass and assumpsit against appellees [1] on May 6, 1974. Appellees filed an answer and new matter, and appellant filed a reply to new matter. Extensive discovery was undertaken, a pre-trial conference was held on December 9, 1974, and the case was listed to be tried in January, 1975. Shortly after appellant filed notice that the deposition of the trustee and other senior officials of appellees would be taken on December 26, 1974, appellees, on December 24, filed a petition for stay of proceedings. The petition was predicated upon a reorganization proceeding commenced on March 22, 1967, by appellee Central Railroad Company of New Jersey pursuant to section 77 of the Bankruptcy Act, 11 U.S.C. § 205, and pending in the United States District Court for the District of New Jersey. In language paralleling the provisions of section 77(j) of the Act, 11 U.S.C. § 205(j), paragraph eight of

---

1. According to appellees' answer, appellee Lehigh and New England Railway Company is a wholly-owned subsidiary of appellee Central Railroad Company of New Jersey (Record at 24a). Appellee R. D. Timpany is successor Trustee of appellee Central Railroad Company of New Jersey, appointed by the United States District Court for the District of New Jersey on January 18, 1971 (Record at 60a).

the District Court's order of March 22, 1967, approving the petition for reorganization provided that

> [a]ll persons and all firms and corporations . . . hereby are restrained and enjoined . . . from commencing or continuing any proceeding against the Debtor, whether for obtaining or for the enforcement of any judgment or decree or for any other purpose, provided that suits or claims for damages caused by the operation of trains, buses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction . . .
> (Record at 71a).

The lower court, presumably [2] concluding that appellant's claims did not fall within the proviso contained in 11 U.S.C. § 205(j) and incorporated in the District Court's order, granted the stay. The propriety of the stay depends upon whether the damages that appellant has alleged were "caused by the operation of trains" within the meaning of the proviso.

## I

Appellant, who had been employed by appellee [3] since 1942, was forced to retire because of medical difficulties in October, 1972. At the time of his retirement, appellant was Division Sales Manager of appellee, responsible for appellee's sales activities in a large area encompassing Scranton and Allentown in northeastern Pennsylvania.[4]

---

2. There is no opinion from the lower court as required by former Pa.Super.Ct.R. 46. *See* Pa.R.A.P. 1925(a).

3. For the sake of convenience we shall use the term "appellee" to refer to the Central Railroad Company of New Jersey.

4. Appellee's answer contended that appellant was "employed by The Central Railroad Company of New Jersey and thereafter by the Trustee of the property of The Central Railroad Company of New Jersey and thereafter by the Lehigh and New England Railway Company. [Appellant] was Division Sales Manager for [appellee] The Lehigh and New England Railway Company, at the

In the assumpsit count of his complaint, appellant claimed that he was entitled to monthly benefits of $307.-57 under the disability provisions of the pension plan established by appellee. Appellee in its answer admits that appellant is entitled to a monthly disability pension, but only of $158. (Record at 26a; *see also* Pre-Trial Conference, Record at 34a).

Appellant's trespass action is grounded upon the Federal Employers' Liability Act, 45 U.S.C. § 51. As summarized in appellant's brief, "the theory of the second count is that the appellees, by forcing the appellant to perform work for which he was unfit because of his physical condition, are required to respond in monetary damages under the [FELA]." Brief for Appellant at 3. *See Nuttall v. Reading Co.*, 235 F.2d 546, 549 (3d Cir. 1956) (Goodrich, J.).[5]

## II

We may vacate the stay entered by the court below only if appellee's refusal to pay appellant a disability pension in the amount demanded by appellant, and appellee's alleged exacerbation of appellant's debilitated physical condition, were "caused by the operation of trains." 11 U.S.C. § 205(j). We have concluded that the court below did not err in staying the proceedings.

Illustrative cases in which the proviso to 11 U.S.C. § 205(j) was construed and a stay of proceedings denied

time he last worked . . . ." (Record at 25a). Appellant, however, contended that he was always paid by the Central Railroad Company of New Jersey, and was never employed by the Lehigh and New England Railway Company (Deposition of Bela M. Haberern at 99). It is unnecessary, for purposes of this appeal, to resolve this factual incongruity. *See also* n. 1 *supra*.

5. Although appellant was a managerial employee of appellee at the time of his forced retirement, he apparently is within the coverage of the Act since, as Division Sales Manager, his duties were in "furtherance of interstate or foreign commerce." 45 U.S.C. § 51. *See Reed v. Pennsylvania R.R.*, 351 U.S. 502, 76 S.Ct. 958, 100 L.Ed. 1366 (1956).

uniformly involve claims arising directly from the movement of trains or the maintenance of railroad equipment. For example, the plaintiff in *Munnelly v. Farrell*, 317 F. Supp. 329 (S.D.N.Y.1970), was a brakeman for the Central of New Jersey. As he was climbing aboard the caboose of a freight train, he was struck by a bolt of electricity from an overhead line. Similarly, in the leading case of *Rodabaugh v. Denney*, 24 F.Supp. 1011 (S.D.N. Y.1938), an employee of the Erie Railroad who had fallen from a scaffold while repairing a bridge over which the defendant's railroad trains travelled was held to come within the proviso to 11 U.S.C. § 205(j). *See also Cauldwell v. Erie R. R.*, 167 Misc. 284, 3 N.Y.S.2d 774 (Sup.Ct. Kings Cnty.1938).

One court has suggested in *dictum* that the proviso pertains only to personal injury claims. *In re Chicago & E. I. Ry.*, 121 F.2d 785 (7th Cir.), *cert. denied Chicago & Eastern Illinois R. R. v. Gourley*, 314 U.S. 653, 62 S.Ct. 102, 86 L.Ed. 523 (1941). This restrictive interpretation has been criticized, 5 *Collier, Bankruptcy* ¶ 77.12 at 516, 517 n. 41 (14th ed. 1974), and courts have denied stays of actions involving claims solely for damage to freight. *See, e. g., Liquid Carbonic Corp. v. Erie R. R.*, 171 Misc. 969, 14 N.Y.S.2d 168 (City Ct.N.Y.Cnty.1939).

In juxtaposition to the causes of action asserted in the foregoing cases, appellant's alleged injuries, and his disability pension claim, are not causally related to the actual movement of appellee's trains or the maintenance of its equipment. Appellant's injuries were "caused by the operation of trains" only in the sense that his employer is a railroad. Unlike the claims asserted in the reported cases denying stays, appellant's claims have no direct causal connection with the actual movement of appellee's railroad cars. Appellant may well have been exploited by his employer, but that is not a danger peculiar to the railroad business. *See also* Restatement (Second) of Torts, § 431 and comment a, at 428–29 (1965).

## III

Finally, appellant contends that even if the lower court's order was correct on the merits, it must nonetheless be vacated since the petition for a stay was not presented to the lower court until "the eve of trial." (Brief for Appellant at 13.) The District Court's order of March 22, 1967, however, affected the jurisdiction of the lower court to hear appellant's suit,[6] and questions of jurisdiction may be raised at any stage of the proceedings. *Daly v. School District of Darby Twp.*, 434 Pa. 286, 252 A.2d 638 (1969).

Accordingly, the order of the lower court is affirmed,[7] without prejudice to appellant's right to petition the United States District Court for the District of New Jersey to permit continuation of the action in the lower court. *See Baker v. Ran-Per, Inc.*, 229 Pa.Super. 359, 362, 324 A.2d 510, 511 (1974).

WATKINS, President Judge, notes his dissent.

---

6. The filing of the petition for reorganization in the District Court gave that court "exclusive jurisdiction of the debtor and its property wherever located." 11 U.S.C. § 205(a).

7. We note that Chief Judge LORD has reached the same conclusion in an identical suit filed by appellant in federal court. *Haberern v. Lehigh & N. Eng. Ry. Co.*, 412 F.Supp. 285 (E.D.Pa. 1976).