126 N.J. Super. 196 (1973)
313 A.2d 622
CITY OF BRIDGETON, IN THE COUNTY OF CUMBERLAND, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY AND ROBERT D. TIMPANY, TRUSTEE OF THE PROPERTY OF THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided December 20, 1973.
*197 Mr. Allan H. Harbert, City Solicitor, for plaintiff.
Mr. Stanley Weiss for defendants (Messrs. Carpenter, Bennett & Morrissey, attorneys).
FRANCIS, J.S.C.
This is on a motion of a trustee in bankruptcy of the Central Railroad Company of New Jersey (Central) to stay a state proceeding essentially relating to an abatement of a nuisance. The movant relies on the federal "blanket injunction" issued by the federal court pursuant to 11 U.S.C.A. §§ 205(a), 205(j) and 516(4).
*198 The city has brought this suit pursuant to 28 U.S.C.A. § 959 which permits the maintenance of an action against a trustee where the suit arises out of the trustee's "carrying on" of the debtor's business. The statute further provides that the reorganization court's jurisdiction remains cognizable under its inherent equity power.
The trustee asserts that the reorganization court's order negates the language of § 959. The weight of authority suggests that 11 U.S.C.A. § 516(4) and 28 U.S.C.A. § 959 should be read harmoniously. Thus, 6 Collier on Bankruptcy (14th ed. 1969), § 3.31(2) at 649-650 provides the following analysis:
(1) In personam suits within the purview of 28 U.S.C.A. § 959 may be instituted without leave of the reorganization court;
(2) The reorganization court may not properly by blanket injunction foreclose the bringing of suits within the terms of § 959;
(3) The * * * trustee * * * may not properly contend as a defense * * * that the claim should be prosecuted only in the reorganization forum;
(4) The * * * trustee * * * may * * * apply to the judge of the reorganization court to enjoin the continuation of the suit.
The issue, properly framed, is whether the facts, and the remedy sought by plaintiff, fall within the narrow parameters of 28 U.S.C.A. § 959, and outside the exclusive jurisdiction of the reorganization court over "the debtor and its property," 11 U.S.C.A. § 205(a). In Ex parte Baldwin, 291 U.S. 610, 618, 54 S.Ct. 551, 78 L.Ed.2d 1020 (1934), cited by trustee, the Supreme Court held that the exclusive jurisdiction of the bankruptcy court is determined by the "main purpose" of the suit. If the continuation of the suit in the state court unduly impedes, burdens, or interferes with the progress of the reorganization proceeding, then the federal judge has the discretion to enjoin the party seeking relief in state court. Kennison v. Philadelphia Reading *199 Coal & Iron Co., 38 F. Supp. 980 (D.C. Minn. 1941). The main purpose of the suit herein seeks to enjoin alleged nuisances caused by the trustee in the "carrying on of the business" of the railroad. The suit does not seek to terminate rail service or to interfere with reorganization.
Two cases illustrate the propriety of state court jurisdiction in limited circumstances against a trustee in bankruptcy. In Thompson v. Texas Mexican Ry. Co., 328 U.S. 134, 66 S.Ct. 937, 90 L.Ed. 1132 (1946), the Supreme Court held, among other things, that petitioner, a trustee of a railroad under reorganization could sue in the state court for a more favorable rental of trackage under a contract with defendant railroad, also under reorganization. In Gutensohn v. Kansas City Southern Ry. Co., 140 F.2d 950 (8 Cir.1944), the federal court indicated that a declaratory action could be brought in the state court against a trustee of a railroad in bankruptcy. Petitioners sought relief concerning allowances to employees deprived of employment as a result of a coordination agreement among several railroads into which the bankrupt railroad was absorbed. The court stated that the relief sought did not involve any direct or immediate interference with "the debtor and its property." If the embarrassment to the estate or the debtor is merely incident to or has indirect repercussions on matters involved in the bankruptcy proceeding, the federal judge must take account of public policy considerations behind § 959 to allow the petitioner to have his demand determined locally. See In Re Magnus Harmonical Corp., 233 F.2d 803 (3 Cir. § 1956). Moreover, federal court discretion to stay state court proceedings in such cases is drastically limited by 28 U.S.C.A. § 2283.
It should be remembered that the reorganization court is vested with final discretion as to whether or not continuation of a state suit should be enjoined. Diner's Club v. Bumb, 421 F. 2d 396 (9 Cir.1970).
Order accordingly permitting the continuation of the state suit.