Thomas F. Traud, Jr., Roberts & Traud, Allentown, Pa., for plaintiff.

Cody H. Brooks, Henkelman, McMenamin, Kreder & O'Connell, Scranton, Pa., William J. Taylor, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendants.

**Bela M. HABERERN**

v.

**The LEHIGH AND NEW ENGLAND RAILWAY COMPANY and R. D. Timpany, solely as Trustee of the Property of The Central Railroad Company of New Jersey and The Central Railroad Company of New Jersey.**

Civ. A. No. 75–2388.

United States District Court, E. D. Pennsylvania.

May 3, 1976.

MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff was employed in the defendants' sales department as a district sales manager. His complaint has two counts: (1) a claim for pension benefits; and (2) a claim under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., alleging illness provoked by overwork in excess of plaintiff's medical limitations. Defendants have moved to stay all proceedings in the present case. We will grant the motion.

The defendant railroad has been in reorganization since 1967 under Section 77 of

the Bankruptcy Act in the United States District Court for the District of New Jersey. Order No. 1 of the bankruptcy court for the District of New Jersey provides in part:

"All persons and all firms whatsoever and wheresoever situated . . . hereby are restrained . . . from commencing or continuing any proceeding against the debtor, whether for obtaining or for the enforcement of any judgment or decree, or for any other purpose, provided that suits or claims for damages caused by the operation of trains, buses or other means of transportation may be filed and prosecuted to judgment in any Court of competent jurisdiction. . . ."

No serious argument can be made that a claim for pension rights is a claim "for damages caused by the operation of trains" etc. That claim is clearly stayed by the Order.

The FELA claim is equally within the scope of the Order. The mere fact that plaintiff may be within the ambit of the FELA (and on this we express no opinion at this time) does not necessarily bring him within the proviso of the Order. There is a distinction between "incidental to the operation of trains," or "connected with or furthering the operation of trains" and "caused by the operation of trains." The first two and the third may bring the employee within the ambit of the FELA. The third, however, is much narrower and refers to a specific sphere of the operation of a railroad. The proviso is aimed not at the activity of the plaintiff, but at the cause of the injury.

In *Reed v. Pennsylvania Railroad Company*, 351 U.S. 502, 76 S.Ct. 958, 100 L.Ed. 1366 (1956), plaintiff was employed in defendant's Philadelphia office. Her work consisted of filing and retrieving for duplication tracings of all of defendant's engines, cars, parts, tracks, bridges and other structures. She was injured when a cracked window pane in her office blew in upon her. The Court held that plaintiff was covered by the FELA. It is apparent that although plaintiff came within the Act, her injury was caused by flying glass from a broken window and not by the operation of a train, etc. So here, although plaintiff may come under the FELA, his illness was caused by overwork and not by the operation of a means of transportation.

Because we conclude that plaintiff's claims are not covered by the exception in Order No. 1, we will grant defendants' motion for a stay.