Bela M. HABERERN, Appellant,

v.

The LEHIGH AND NEW ENGLAND RAILWAY COMPANY et al., Appellees.

No. 76–1826.

United States Court of Appeals, Third Circuit.

Argued Feb. 17, 1977.

Decided April 18, 1977.

Thomas F. Traud, Jr., Roberts, Traud & Wallitsch, Allentown, Pa., for appellant.

Cody H. Brooks, Lawrence M. Ludwig, Henkelman, McMenamin, Kreder & O'Connell, Scranton, Pa., for appellees.

Before SEITZ, Chief Judge, and VAN DUSEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

An employee's suit against a bankrupt railroad and its receiver to recover a pension and compensation was sidetracked by a stay ordered by the district court because of the reorganization court's broad ban on liti-

gation. We conclude that, in the unique situation presented, the stay is appealable and 28 U.S.C. § 959(a) clears the tracks for the suit to proceed.

Plaintiff filed suit in the United States District Court for the Eastern District of Pennsylvania claiming benefits under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.*, for injuries resulting from overwork while employed by the defendants. A second count alleged an entitlement to a pension of $307.57 per month as a result of his medical retirement in 1972. In their answer, the railroads and the trustee admitted owing a pension of $158.00, but they moved for a stay of the proceedings because the railroad was in reorganization in the United States District Court for the District of New Jersey. Defendants asserted that the suit contravened the reorganization court's Order No. 1 prohibiting litigation against the debtor since permission to institute the suit had not been obtained. The district judge decided that the case did not come within the exception to the blanket prohibition contained in Order No. 1 which allowed suits "for damages caused by the operation of trains . . . ." Accordingly, he granted the motion and "stayed and enjoined" the proceedings until further order of court. 412 F.Supp. 285 (E.D.Pa. 1976).

This is the second case filed by the plaintiff on the identical cause of action. The first was brought in the Court of Common Pleas of Lehigh County, Pennsylvania. There, as here, Mr. Haberern asserted that he had worked loyally for many years as the defendants' divisional sales manager for a large area in northeastern Pennsylvania. He contended that at the request of the defendants and contrary to medical advice, he continued to work long hours with inadequate assistance and, as a result, became totally disabled on September 19, 1972. According to the plaintiff, officers of the defendants promised him a pension in the

amount of $307.57 per month, but no amount whatsoever had been paid since his retirement, nor had he received the sick pay due him. His cause of action under the FELA was based on the defendants' insistence that he work when he was physically unfit.

The Common Pleas Court stayed the action because of the pending reorganization proceedings for the Central Railroad Company of New Jersey under § 77 of the Bankruptcy Act, 11 U.S.C. § 205. The reorganization litigation commenced on March 22, 1967 in the United States District Court for the District of New Jersey and was (and still is) pending. The Superior Court of Pennsylvania affirmed the stay order on October 28, 1976, Pa.Super., 364 A.2d 420 (1976). A petition for allocatur to the Supreme Court of Pennsylvania is pending.[1]

In granting the stay, the United States District Court for the Eastern District of Pennsylvania relied upon Order No. 1 issued by the United States District Court for the District of New Jersey which provides in part:

> "All persons and all firms and corporations, whatsoever and wheresoever situated . . . hereby are restrained . . from commencing or continuing any proceeding against the Debtor, whether for obtaining or for the enforcement of any judgment or decree or for any other purpose, provided that suits or claims for damages caused by the operation of trains, buses, or other means of transportation may be filed and prosecuted to judgment in any Court of competent jurisdiction. . . ."

The exemption for damage suits tracks the language in § 77(j) of the Bankruptcy Act, 11 U.S.C. § 205(j).

In the district court's view, a claim for pension rights did not come within the category of "damages caused by the operation of trains." With respect to the FELA count, the court held that the exemption

---

1. Since the matter has not been finally determined by the Pennsylvania appellate courts, the defense of res judicata is not available, nor have defendants asserted it. *Posternack v.*

*American Casualty Co.*, 421 Pa. 21, 218 A.2d 350 (1966); *Columbia National Bank v. Dunn*, 207 Pa. 548, 56 A. 1087 (1904).

**584**

referred to the cause of injury, not the activity of the plaintiff. Since the plaintiff's injury was not caused by operation of trains, therefore, the stay was granted.

We first consider the appealability of the stay order. The defendants moved to quash this appeal, but at oral argument expressly abandoned that position. However, since the matter is jurisdictional, we may not rely upon consent of the parties.

As a general rule, a stay order is not appealable. In *Cotler v. Inter-County Orthopaedic Ass'n, P. A.*, 526 F.2d 537, 541 (3d Cir. 1975), we concluded that a district court order staying its proceedings until resolution of a state court suit with an overlapping factual background was not appealable. Admitting that our treatment of the finality of stay orders has "not been unwavering," Judge Gibbons concluded that we were bound by *Arny v. Philadelphia Transportation Co.*, 266 F.2d 869 (3d Cir. 1959), absent special circumstances such as those which appear in *In re Grand Jury Proceedings*, 525 F.2d 151 (3d Cir. 1975). The case at bar, however, is rife with special circumstances which bring it outside the general rule and so limit its precedential value as to not measurably weaken our continued aversion to piecemeal appeals.

The stay order is of indefinite length and presumably will last until Order No. 1 is dissolved by the termination of the reorganization proceedings. That litigation has been in progress for ten years, and, although Conrail has taken over operation of the trains, no early end to the reorganization is likely. The expected longevity of the reorganization proceedings exceeds that of the plaintiff, and in a very practical sense the stay order is a final one.

■ The injury and pension claims of the plaintiff, an employee who contributed most of his life to the service of the railroad, are entitled to greater consideration than those of the ordinary creditor. Indeed, other orders of the reorganization court recognize this special relationship. For example, another portion of Order No. 1 authorizes the debtor to make payments due on existing pension systems, and Order No. 792, dated January 5, 1976, directs the trustee to continue to pay pensions to retired employees. Payments are being made currently in satisfaction of other FELA claims. *See In re Central Railroad of New Jersey*, 479 F.2d 424 (3d Cir. 1973). A stay order of indefinite length, which singles out a claim for extended delay while others of a similar nature are paid from current income, has equitable overtones quite different from the usual stay of proceedings. The factual background is unusual and unlikely to furnish precedent for dilution of the general prohibition on appealability of stay orders.

■ Equally important, we believe, is the language of § 77(j) from which the wording of Order No. 1 was lifted:

" . . . *Provided*, That suits or claims for damages caused by the operation of trains, busses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction and *any* order staying the prosecution of *any* such cause of action or appeal shall be vacated." (Emphasis supplied)

The congressional directive to vacate any such order, we think, weighs significantly towards the conclusion that this stay order falls within that "small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause of cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). The congressional policy to permit certain actions to proceed without delay might be frustrated if appellate review were not available to prevent distortion and circumvention of the statutory plan. Such a statutory directive does not exist in the usual stay order situation and was not present either in *Cotler, supra,* or *Arny, supra*. Accordingly, in view of the highly unusual factual and legal background presented, we conclude that this stay order is appealable. We emphasize,

however, that we have no intention of expanding our restrictive rulings on the appealability of stay orders beyond the exceptional circumstances of this case.[2]

We come then to the merits of the appeal. Relying on the blanket provision in Order No. 1, the district court stayed this action against both the railroad and its trustee. Arguing that no appellate decision has granted a stay of an FELA action and relying on case law and authoritative commentary, plaintiff urges a liberal construction of the § 77(j) exemption. We need not reach the proffered issue, however, for the parties have failed to evaluate the more direct jurisdictional avenue offered by 28 U.S.C. § 959(a) which reads:

"Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."

■ This statutory provision establishes a clear exception to blanket stays entered by a reorganization court. For example, in *Thompson v. Texas Mexican R. Co.,* 328 U.S. 134, 66 S.Ct. 937, 90 L.Ed. 1132 (1946), the Court held that a state court suit for damages arising from the use of plaintiff's tracks by a reorganization railroad could be maintained against the trustee under § 959(a). The Court cited *McNulta v. Loch-* *ridge,* 141 U.S. 327, 12 S.Ct. 11, 35 L.Ed. 796 (1891), where the same statute[3] was invoked to sustain a suit against the trustee in a railroad grade crossing case, and rejected the trustee's contentions that the suit was inconsistent with the reorganization court's exclusive jurisdiction. Similarly, 28 U.S.C. § 959(a) was held applicable in a suit by an employee to obtain a service letter upon discharge. *Ackerman v. Thompson,* 356 Mo. 558, 202 S.W.2d 795 (1947). *See also Valdes v. Feliciano,* 267 F.2d 91 (1st Cir. 1959), *Bridgeton v. Central R. R. of N. J.,* 126 N.J.Super. 196, 313 A.2d 622 (1973).

■ The blanket stay contained in Order No. 1 may properly be regarded as an incident of the receiver's appointment. It differs significantly from an injunction prohibiting specific litigation issued only after the reorganization court's appraisal of the suit's effects upon administration of the estate. Where, as here, the reorganization court has not specifically enjoined the suit at issue after due consideration, the statutory provisions of 28 U.S.C. § 959(a) prevail over the blanket provisions contained in Order No. 1.[4] *Diners Club, Inc. v. Bumb,* 421 F.2d 396 (9th Cir. 1970).

■ The facts set out in the plaintiff's complaint occurred in 1971 and 1972, years after the reorganization commenced and while the receiver was running the railroad. Directing overwork and withholding a pension are clearly acts of the receiver "in carrying on the business" of the railroad and, thus, come within the permission to sue granted by 28 U.S.C. § 959(a).

2. Perhaps the same result could be reached by application of the Enelow-Ettelson rule. The action in the district court is at law, and Order No. 1 of the reorganization court is equitable. It could be argued that the stay order itself was an exercise of equitable power by the district court on the request of the receiver to enforce the order of the reorganization court. Hence, the predicates for finding the order appealable are present. The Enelow-Ettelson rule has been criticized, and we prefer to rest our decision on the statutory and factual background of the case at bar. For a discussion of the rule and its application, *see* 9 J. Moore, Federal Practice ¶ 110.20[3]; 11 C. Wright and A. Miller, Federal Practice and Procedure § 2962.

3. 28 U.S.C. § 959 is referred to in the opinion as § 66 of the Judicial Code, and was formerly codified at 28 U.S.C. § 125. It is based upon the act of Congress of March 3, 1887, ch. 373, § 3, 24 Stat. 554.

4. While the reorganization court may generally enjoin prosecution of a specific suit by virtue of the second sentence of 28 U.S.C. § 959(a), its power is limited by § 77(j) which permits no stays in damage suits arising out of the operation of trains. The two statutes are consistent when read together in this fashion.

The receiver is the proper person to be named as a defendant responsible for the negligence of railroad employees. *Ziegler v. Pitney,* 139 F.2d 595 (2d Cir. 1943); 5 Collier on Bankruptcy § 77.07. The necessity for the presence of the debtor itself, therefore, is not clear to us. Accordingly, as did the Supreme Court in *Thompson v. Texas Mexican R. Co., supra,* 328 U.S. at 138, n. 5, 66 S.Ct. 937, we do not deem it necessary to determine whether the suit may be maintained against the railroad itself, and thus whether the exemption in § 77(j) is applicable.[5]

The order of the district court will be vacated and the case will be remanded for further proceedings.

---

**5.** 5 Collier on Bankruptcy § 77.12 argues that § 77(j) should not be construed more narrowly than § 959 and quotes with approval from the opinion in *Rodabaugh v. Denney,* 24 F.Supp. 1011 (S.D.N.Y.1938), in part as follows:

"Congress doubtless had in mind the fact that the district court in charge of reorganization might be a long distance from the court in which an action for damages might be brought, and that the obtaining of consent of the court in charge of reorganization might be a hardship on a claimant. This is a factor in favor of a liberal interpretation of the proviso."