William **RICHMAN** a/k/a William R. Richman, Plaintiff,

v.

Morton **BATT**, as Trustee and Individual, Defendant.

No. CIV.A. 00–CV–2457.

United States District Court, E.D. Pennsylvania.

April 17, 2001.

---

William Richman, Minersville, PA, pro se.

Kenneth E. Aaron, Buchanan, Ingersoll, Professional Corporation, Philadelphia, PA, for defendants.

## MEMORANDUM and ORDER

BUCKWALTER, District Judge.

Presently before the Court is defendant Morton Batt's ("Defendant") Motion to Dismiss, plaintiff William Richman's ("Plaintiff") Response thereto, Defendant's Reply and Plaintiff's Surreply. Plaintiff claims Defendant violated 11 U.S.C. § 704(1) while serving as Trustee of Plaintiff's ex-wife's bankruptcy estate. Plaintiff's allegations faintly sound in breach of fiduciary duty and fraud. For the reasons set forth below, Defendant's motion will be granted and Plaintiff's claim will be dismissed.

On August 2, 1991, an Involuntary Petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code was filed against Plaintiff's ex-wife, Rita Fabriani ("Debtor"). On September 5, 1991, Defendant was appointed Chapter 7 trustee for Debtor's bankruptcy estate by the United States Bankruptcy Court for the District of New Jersey. On or around May 10, 2000, Plaintiff filed his Complaint seeking $50,000,000 in damages. Defen-

dant then filed this instant Motion to Dismiss or In The Alternative to Transfer for Improper Venue arguing lack of personal jurisdiction, immunity, lack of standing, failure to state a claim, improper venue and statute of limitations.

■ Before conducting analyses of these arguments, as a preliminary matter, the Court considers whether the instant case is properly before it in light of the Barton Doctrine. The doctrine precludes a party from bringing suit against a court-appointed bankruptcy trustee for acts done in an administrative capacity without first obtaining leave from the appointing court. *Barton v. Barbour*, 104 U.S. 126, 129, 26 L.Ed. 672 (1881); *Western N.Y. & P.R. Co. v. Penn. Ref. Co.*, 137 F. 343, 360 (3d Cir.1905); *see also In re Linton*, 136 F.3d 544, 546 (7th Cir.1998) (upholding a bankruptcy judge's denial of leave to file suit in state court); *In re Lehal Realty Assocs.*, 101 F.3d 272, 275–76 (2d Cir.1996) (requiring appellant to obtain permission of the bankruptcy court before bringing a state court action). There is nothing before the Court which indicates Plaintiff obtained leave of the bankruptcy judge who appointed Defendant as trustee of the bankruptcy estate prior to suing Defendant in this forum. A trustee in bankruptcy is an officer of the court that appoints him. *In re Lehal Realty Assocs.* at 276 (citing *In re Beck Industries, Inc.*, 725 F.2d 880, 888 (2d Cir.1984)). While a trustee may be held personally liable for breach of his fiduciary duties, "the court that appointed the trustee has a strong interest in protecting him from unjustified personal liability for acts taken within the scope of his official duties." *In re Lehal Realty As-*

socs. at 276. This Court believes one useful means of such protection is the rule that leave of the appointing court be obtained before a suit may go forward in another court against the trustee. *See id.* (citing a line of cases starting with *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881), supporting this rule).

■ There is, however, a narrow statutory exception to this rule. 28 U.S.C. § 959(a) authorizes suits in non-appointing courts without leave from appointing courts when the suits are based on acts of a trustee committed for the purpose of operating a debtor's business.[1] *See Haberern v. Lehigh & New England Ry. Co.*, 554 F.2d 581, 585 (3d Cir.1977) (citing *Thompson v. Texas Mexican R. Co.*, 328 U.S. 134, 66 S.Ct. 937, 90 L.Ed. 1132 (1946)). The exception would be appropriately raised where, for example, a plaintiff brings a negligence case against a trustee operating a debtor's retail store in which the plaintiff was injured by merchandise falling from overhead storage. The exception does not apply where, as here, "a trustee acting in his official capacity conducts no business connected with the property other than to perform administrative tasks necessarily incident to the consolidation, preservation, and liquidation of assets in the debtor's estate." *In re Lehal Realty Associates* at 276 (citing a line of cases supporting this statement of law); *see also In re Campbell*, 13 B.R. 974, 976 (Bankr.D.Idaho 1981) ("Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that

---

1. "Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury." 28 U.S.C. § 959(a) (1993).

has been judicially interpreted.") (citations omitted).

■ Here, Plaintiff's allegations faintly sound in breach of fiduciary duty and fraud. They arise from Defendant's alleged mishandling of the administration of Debtor's estate, specifically payments to lawyers and accountants and the settling of claims.[2] We find that Plaintiff's claim against Defendant is based on Defendant's actions which are wholly unrelated to carrying on Debtor's business, and therefore, Plaintiff's action does not fit within the statutory exception. Without the benefit of the exception, Plaintiff is required to seek leave of the United States Bankruptcy Court for the District of New Jersey which has overseen all aspects of the bankruptcy proceeding and can best evaluate Defendant's actions as trustee. It also has a strong institutional interest in monitoring the conduct of its officers and in protecting them from frivolous suits. Plaintiff's failure to obtain leave of the appointing court deprives that court of pursuing these legitimate interests and leaves this Court with only one recourse which is to dismiss the case.

**AND NOW,** this 17th day of April, 2001, it is hereby **ORDERED** that Defendant's motion (Docket No. 7) is **GRANTED.** It is further **ORDERED** Plaintiff's claim is **DISMISSED** without prejudice.

This case is **CLOSED,** statistically.

---

2. Plaintiff's Complaint is a rambling sequence of Plaintiff's recollections of roughly a fifteen year period from which the Court pulls only two allegations apparently worthy of consideration. They are: (1) Defendant allowed lawyers and accountants to steal money from the estate; and (2) Defendant accepted improperly low settlements on behalf of the estate.