SMITH, Circuit Judge,
Concurring in Part and Dissenting in Part.
I agree with the majority that the contract between the parties is “crystal clear” that disputes between CTF Hotel Holdings, Inc. (“CTF”) and Marriott International, Inc. (“Marriott”) are not subject to mandatory arbitration. Op. at 137. I part company with my colleagues in their decision to exercise jurisdiction over CTF’s cross-appeal from the District Court’s discretionary stay order. The majority correctly observes that “a stay is usually not a final order because it provides only a temporary respite from litigation.” Op. at 135 (citing Marcus v. Twp. of Abington, 38 F.3d 1367, 1370 (3d Cir.1994)). Nevertheless, the majority concludes that the District Court’s order is reviewable under the doctrine of pendent appellate jurisdiction. Because the stay order in this case is neither “inextricably intertwined with” nor “necessary to ensure meaningful review of’ the District Court’s order granting CTF’s motion to enjoin arbitration and denying Marriott’s motion to compel arbitration, I respectfully dissent. E.I. Dupont De Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 203 (3d Cir.2001) (quoting Swint v. Chambers County Comm’n, 514 U.S. 35, 50-51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)).
The question whether the District Court abused its discretion in granting the stay involves the District Court’s consideration of myriad factors affecting judicial economy, the “hardship or inequity” that Marriott would face in going forward with the litigation, and the injury that a stay would inflict on CTF. Landis v. N. Am. Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). These considerations are distinct from the questions of contract interpretation presented in Marriott’s appeal. Indeed, the majority has no difficulty extricating Marriott’s appeal from CTF’s cross-appeal. The majority first interprets the contract between the parties (correctly, I may add), and then proceeds to the factually and analytically distinct question presented in the cross-appeal. The majority’s opinion demonstrates that it “can readily decide” the meaning of the parties’ contract “without at all consider *141 ing” whether the stay order was a valid exercise of the District Court’s discretion. E.I. Dupont De Nemours, 269 F.3d at 204 (quoting Rein v. Socialist People’s Libyan Arab Jamahiriya, 162 F.3d 748, 759 (2d Cir.1998)); see also In re Montgomery County, 215 F.3d 367, 375-76 (3d Cir.2000). Accordingly, the issues raised in the appeal and the cross-appeal are not “inextricably intertwined.”
• Nor is it necessary to exercise jurisdiction over the cross-appeal in order to meaningfully adjudicate Marriott’s appeal. I am sympathetic to the majority’s concern that staying CTF’s litigation pending the arbitration between Hotel Property Investments Ltd. (“HPI”) and Marriott effectively denies CTF the benefit of its bargain with Marriott. We have • determined that the parties bargained for a two-track dispute resolution procedure, with HPI subject to mandatory arbitration and CTF free to go to court. Nevertheless, the freedom from arbitration that CTF bargained for is not unqualified. Instead, CTF’s right to litigate its disputes with Marriott is necessarily subject to the District Court’s “power to stay proceedings [which] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.” Landis, 299 U.S. at 254, 57 S.Ct. 163. Returning the case to the District Court without disturbing the stay puts CTF in precisely the position it bargained for, i.e., that of any other litigant subject to the ordinary incidents of litigation, including the court’s inherent power to control its docket.
This case is. therefore distinguishable from Palcko v. Airborne Express, Inc., 372 F.3d 588 (3d Cir.2004), decided after oral argument in this case. In Palcko, the district court denied a motion to compel arbitration on two grounds: (1) because the arbitration agreement was exempted from the coverage of the Federal Arbitration Act such that arbitration could not be compelled under Federal law; and (2) because this FAA exemption preempted enforcement of the arbitration agreement under state law. Id. at 591. This Court affirmed the district court’s ruling that the arbitration agreement was exempted from enforcement under the FAA, exercising jurisdiction under 9 U.S.C. § 16(a). Palcko, 372 F.3d at 591, 594. We exercised pendent appellate jurisdiction over the district court’s second ruling-that the FAA exemption preempted enforcement of the arbitration agreement under state law-holding that review of both issues was “necessary to ensure meaningful review of the District Court’s order in its entirety.” Id. at 595.[13]
In Palcko, the appeálable and non-ap-pealable issues were both necessary conditions to the same order-the denial of the motion to dismiss. Resolving either issue in defendant’s favor would have required reversal of the order, triggering arbitration proceedings. Id. at 596 (reversing the district court’s preemption ruling and remanding for enforcement of the arbitration agreement under state law). Had we not exercised jurisdiction over the district court’s preemption ruling, defendant would have been required to defend the discrimination action in federal district court. If, on a subsequent appeal from a final order in that action, we were to reverse the district court’s preemption ruling, the right to arbitration would already have been lost. A victory at that stage would be meaningless because the defendant employer would have already been subjected to the protracted litigation that it sought *142 to avoid through the arbitration agreement.
In this case, the District Court’s stay order is independent of its order on Marriott’s motion to compel, and was not a necessary condition to its refusal to compel arbitration. Thus, unlike the situation in Palcko, resolution of the non-appealable issue does not necessitate a particular ruling on the appealable order. And as discussed above, the stay order does not threaten to destroy CTF’s right to litigate. CTF is not a party to the HPI arbitration, and the stay order does not force CTF into arbitration. Although CTF’s lawsuit has been delayed, CTF’s right to litigate remains intact, subject to the District Court’s inherent power to manage its docket.
I am also sympathetic to the majority’s concern that the District Court’s stay order may expire and become moot before an appealable final order can issue. Op. at 135-36.[14] This, however, is true of every stay order, and therefore does not support jurisdiction by itself. E.g., Marcus, 38 F.3d at 1370 (stay pending completion of parallel state court criminal proceedings not appealable). Ordinarily, we guard against the danger of a stay order becoming “effectively unreviewable” by applying the collateral order doctrine. See Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 11-12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (citing Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). An order staying litigation pending other proceedings may be an appealable collateral order where it puts a litigant “effectively out of court.” Moses H. Cone, 460 U.S. at 10 & n. 11, 103 S.Ct. 927. But where those other proceedings will have no pre-clusive effect on the federal litigation, the litigant cannot be said to be “effectively out of court,” and the stay order is not appealable. Id. at 10, 12, 103 S.Ct. 927; Marcus, 38 F.3d at 1371; Trent v. Dial Med. of Fla., Inc., 33 F.3d 217, 221 (3d Cir.1994). CTF-the party invoking pendent appellate jurisdiction-insists that the HPI arbitration will have no preclusive effect against CTF in its lawsuit against Marriott. Accordingly, CTF cannot suggest that the stay order has put it “effectively out of court.” Instead, the effect of the stay is “delay, and delay alone.” Marcus, 38 F.3d at 1371.[15]
Because the District Court’s stay order is not an appealable final or interlocutory order, and because I believe that review of the stay order is not “necessary to ensure meaningful review of’ the order enjoining arbitration, I would dismiss CTF’s cross-appeal for lack of jurisdiction.

. 9 U.S.C. § 16(a) only covers motions to compel under the FAA, and does not cover motions to compel under state law. Palcko, 372 F.3d at 594.

. Of course, it is also possible that the stay order will be vacated by the District Court prior to the termination of the HPI arbitration, or that CTF and Marriott will settle their dispute. The potential that CTF’s cross-appeal will be mooted by the expiration of the stay must therefore be balanced against the possibility that the stay may terminate under circumstances acceptable to CTF.

. While a stay of indefinite and unreasonable duration may be appealable, we are not confronted with such an order in this case. See Haberern v. Lehigh & New England Ry., 554 F.2d 581, 584 (3d Cir.1977) (vacating stay pending proceedings that had been ongoing for ten years and whose “expected longevity ... exceed[ed] that of the plaintiff”).