

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2005

# Reyes v. Freeberry

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3400

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Reyes v. Freeberry" (2005). *2005 Decisions.* Paper 880.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/880

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

04-3400
_____

JACK REYES, Sergeant;
JOSE ANTONIO HERNANDEZ, Sergeant,

Appellants

v.

SHERRY FREEBERRY;
JOHN L. CUNNINGHAM, Colonel, both
individually and in their official capacity;
NEW CASTLE COUNTY, a municipal corporation

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
_____

(D.C. Civ. No. 02-cv-01283)
District Judge:  The Honorable Kent Jordan

Argued: May 24, 2005

Before:  SCIRICA, Chief Judge, ALITO, and ROSENN, Circuit Judges

(Filed: July 8, 2005)

STEPHEN J. NEUBERGER (Argued)
THOMAS S. NEUBERGER
The Neuberger Firm
Two East Seventh Street, Suite 302
Wilmington, Del.  19801

MARTIN D. HAVERLY
Two East Seventh Street, Suite 3021
Wilmington, Del. 19801
*Counsel for Appellants*

ELIZABETH A. MALLOY (Argued)
JESSAMYNE M. SIMON
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
Philadelphia, Pa. 19103

WILLIAM. W. BOWSER
Young Conaway Stargatt & Taylor
The Brandywine Bldg., 17th Floor
1000 West Street
Wilmington, Del. 19899
*Counsel for Appellees*

_____

OPINION
_____

PER CURIAM:

This appeal arose out of an action filed by officers of the Newcastle County Police Department in federal court against the county and several current or former county officials. The plaintiffs allege, among other things, discrimination based on race and national origin and retaliation for engaging in protected activities. The parties entered into a confidentiality agreement and filed a joint motion for a protective order approving the agreement. The District Court granted that motion in January 2003. Claiming that plaintiffs' counsel had violated the order, the defendants subsequently filed a Motion to Comply with Protective Order. After conducting a hearing by telephone, the District

2

Court placed certain filings under seal and ordered counsel not to engage in certain communications with the media. Some time later, the plaintiffs filed a motion to void the confidentiality agreement and protective order and to make all of the records in the case available to the public. While this motion was pending, defendant Freeberry was indicted on unrelated federal charges, and the District Court stayed all proceedings in the civil case until further order. The District Court also denied without prejudice all pending motions, including the plaintiffs' motion to void the confidentiality agreement and protective order and to make the record available to the public. The plaintiffs then took this appeal, arguing that the District Court erred in staying the civil case, in refusing for the time being to void the confidentiality agreement and protective order and to make the records available to the public, and in precluding counsel from speaking with the media.

We cannot consider the merits of the arguments raised by the plaintiffs in this appeal unless we possess appellate jurisdiction. After considering the parties' arguments on this question, we conclude that we lack jurisdiction to review the order staying the civil case. We further conclude that clarification by the District Court is needed in order for us to resolve all of the jurisdictional questions relating to the remaining arguments presented in this appeal. Accordingly, we are remanding this case to the District Court for clarification of the points discussed below. Cf. Forbes v. Twp. of Lower Merion, 313 F.3d 144, 149 (3d Cir. 2002) (remanding case for clarification of matters relating to determination of appellate jurisdiction).

3

As noted, we conclude that we lack jurisdiction to review the order of the District Court staying the civil case pending the resolution of the criminal case against defendant Freeberry. "As a general rule, a stay order is not appealable." Haberern v. Lehigh & N.E. Ry. Co., 554 F.2d 581, 584 (3d Cir. 1977). Although we have entertained appeals of stay orders in exceptional circumstances, no such circumstances are present here. It is not uncommon for a civil case to be stayed pending resolution of a related criminal case, and it appears likely that the period of the stay will conclude in the not-too-distant future. Federal criminal cases are subject to the strict time limits of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and we have been informed that the criminal case involving defendant Freeberry is currently scheduled to commence in October of this year. We therefore dismiss the appeal insofar as it seeks review of the stay order.

The protective order and the order barring counsel from engaging in certain communications with the media require a different analysis. Of course, neither of these orders is a final decision under 28 U.S.C. § 1291 in the usual sense, but the plaintiffs argue that the requirements of the collateral order doctrine are met.

Under the collateral order doctrine, an order is immediately appealable if it (1) conclusively determines the disputed question, (2) involves an "important" question that is unrelated to the merits of the underlying case, and (3) would be effectively unreviewable after the conclusion of the case. See, e.g., Coopers & Lybrand v. Livesay, 437 U.S. 463, 468-69 (1978). In applying this doctrine, it is important to determine as a

4

threshold matter whether First Amendment free speech or free press rights are at issue. There are circumstances in which even brief restrictions may irreparably damage these rights. See Elrod v. Burns, 427 U.S. 347, 373 (1976); Swartzwelder v. McNeily, 297 F.3d 228, 241 (3d Cir. 2002); Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989). In such a situation, even a temporary restriction might be viewed as conclusively resolving an important question that could not be effectively reviewed later because, by then, the right – i.e., to engage in constitutionally protected and time-sensitive communications – would have been irreparably lost. By contrast, in the usual case involving a dispute about the disclosure of information obtained in discovery pursuant to a protective order, no First Amendment rights are implicated. When a civil litigant obtains discovery pursuant to a valid protective order, the litigant has no First Amendment right to disclose the information. Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984). An order temporarily refusing to vacate such a protective order might not satisfy either the first or the third prong of the collateral order doctrine. In addition, the order might not be sufficiently "important," in the sense relevant here, to justify interlocutory review.

In the present case, it is not clear from the record whether, as the defendants maintain, this appeal involves at bottom only a mundane dispute about the disclosure of information obtained in discovery or whether, as the plaintiffs insist, important First Amendment rights are implicated. For example, the defendants interpret the order precluding communications with the media as limited to the disclosure of information

5

covered by the protective order, while the plaintiffs interpret the order as prohibiting all communications relating to the case. The defendants likewise argue that the only filings that have been sealed are those that contain information covered by the protective order, while the plaintiffs argue that virtually the entire record has been sealed.

It is also difficult for us to determine based on the present record whether the question of nondisclosure is unrelated to the merits of the underlying case, as required by the second prong of the collateral order doctrine. The District Court entered the protective order in response to a joint motion and thus did not provide an explanation on the record of the "good cause" justifying the restrictions on the disclosure of the information covered by the order. See Fed. R. Civ. Proc. 26(c); Glenmeade Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1120-1121 (3d Cir. 1986). Without such an explanation, it is difficult for us to determine whether the dispute about the disclosure of any particular category or item of information is or is not related to the merits of the action.

For these reasons, we find it difficult to determine on the basis of the current record whether we have appellate jurisdiction. We are therefore remanding this case to the District Court so that the Court can clarify (a) the scope of the restrictions that it has placed on the disclosure of court records and discovery information and on communications by counsel to the media and (b) the reasons for any such restrictions. In setting out these reasons, the District Court should provide specific reasons for each

relevant category of documents or information. We will retain jurisdiction, and after clarification is provided, we will proceed to determine whether we have appellate jurisdiction and, if we do, whether the rulings of the District Court were correct under the applicable standard of review.